Argued and submitted December 7, 1987, reversed, attorney fees award reinstated
June 22, 1988

In the Matter of the Compensation of
Jack T. Granby, Claimant.

GRANBY,
*Petitioner,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent.*

(WCB 85-16108; CA A42752)

756 P2d 75

Michael R. Stebbins, North Bend, argued the cause for petitioner. With him on the brief was Hayner, Stebbins & Coffey, North Bend.

Brian L. Pocock, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

Claimant seeks review of an order of the Workers' Compensation Board which reduced attorney fees awarded by the referee. He maintains that the Board lacked jurisdiction to modify the award. The attorney fees question is the sole issue before us on review.

Employer denied claimant's aggravation claim. The referee set aside the denial, ordered employer to accept the claim and awarded claimant $2,800 attorney fees. ORS 656.386(1). Employer sought review by the Workers' Compensation Board of the attorney fees award but not the finding of compensability. The Board reduced the award.

In *Greenslitt v. City of Lake Oswego,* 305 Or 530, 754 P2d 570 (1988), the Supreme Court held that, when a claimant has finally prevailed on the issue of compensability, disputes concerning the amount of attorney fees pursuant to ORS 656.386(1) must be settled by the circuit court as provided in ORS 656.388(2). Because compensability was not appealed to the Board, it was without authority to modify the attorney fees award. The circuit court was the proper forum.

Reversed; attorney fees award reinstated.