Argued and submitted January 5, reversed and remanded with instructions
September 16, 1987

In the Matter of the Compensation of
Marco Aguiar, Claimant.

AGUIAR,
*Petitioner,*

*v.*

J. R. SIMPLOT COMPANY,
*Respondent.*

(84-05596; CA A39921)

742 P2d 709

Kenneth D. Peterson, Jr., Hermiston, argued the cause and
filed the brief for petitioner.

Kenneth L. Kleinsmith, Portland, argued the cause for

respondent. On the brief were Meyers & Terrall, and Daniel L. Meyers, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Claimant seeks reversal of an order of the Workers' Compensation Board which held that his proposed surgery was not reasonable and necessary, that the claim was not prematurely closed and that claimant had suffered no permanent partial disability. We reverse and remand.

On March 31, 1983, while employed by respondent, claimant was injured when an aluminum irrigation pipe fell on his right foot.[1] The first treating physician was Dr. Carpenter, who diagnosed a ligament injury, which he treated with injections and casting. In June, claimant re-injured his foot while cleaning cattle pens. After four months, he was still experiencing pain and swelling. He was seen by Dr. Smith, an orthopedist, who found that the foot had a "purplish look," was tender and was painful. In October, employer sent claimant to Dr. Puziss, an orthopedic surgeon, who diagnosed a sinus tarsi syndrome and recommended a minor surgical procedure involving excision of the sinus tarsi fat pad.

Subsequently, employer sent claimant to Dr. Kiest and Dr. Weeks, also orthopedists, both of whom opposed surgery. Kiest saw claimant in February, 1984, at which time there was still mottled and swollen skin. Kiest said that "sinus tarsi syndrome is a controversial, somewhat poorly defined syndrome of nerve compression * * * with uncertain results as a result of surgical procedure." Several months later, Weeks, in the same clinic as Smith, found the physical conditions unchanged but recommended against the surgery, although he had no operating experience with treatment of sinus tarsi syndrome. Dr. Eisler, a neurologist, performed a nerve conduction study and concluded that claimant's pain was muscolo-skeletal in origin.

**1.**    An injured worker may choose an attending physician, ORS 656.245(3), and is entitled to the medical services which are necessarily and reasonably incurred in the treatment of the compensable injury. *McGarry v. SAIF,* 24 Or App 883, 888, 547 P2d 654 (1976). The referee concluded that the operation was reasonable and necessary, but the Board did not agree. It was persuaded by Carpenter's report and by what it

---

[1] At the time of the injury, claimant was an undocumented alien worker.

considered to be the "well-reasoned opinions of three examining physicians" (apparently, Kiest, Weeks and Eisler), as opposed to the "wavering opinion" of Puziss.[2] On *de novo* review, we disagree.

■    Puziss' medical opinions regarding claimant have been consistent. He initially diagnosed sinus tarsi syndrome and recommended surgery which, in his opinion, would probably provide relief of claimant's symptoms. His follow-up evaluation in January, 1984, noted continued pain and inability of claimant to walk for more than five or six blocks or to run at all and reiterated his belief in the value of the surgery as "curative or mostly curative." His final report in March, 1984, states that his experience has been that the surgery results in relief and indicates that he had scheduled a date to perform the surgery on claimant.

The opinions of the other physicians do not convince us that the surgery was not reasonable and necessary. Kiest expressed doubt that an aluminum pipe falling on a foot would produce a "crush" injury, and yet he recognized that claimant had continued skin mottling and slight swelling. Furthermore, Kiest's opinion appears to be influenced by personal sociological opinions rather than medical opinion:

> "Of considerable importance in the overall evaluation is the fact that this man is an undocumented worker who likely will be deported as soon as his medical condition becomes stationary and additional treatment is not indicted.
>
> "* * * * *
>
> "In addition the fact that this is an undocumented worker who cannot afford to get completely well makes the secondary gain factor important and would reduce the chances of surgical success."

Kiest gave no basis for those statements.

Weeks also found that claimant's immigration status was "contributing to his complaints" but conceded that claimant still had moderate swelling and defused tenderness. Carpenter initially agreed with Puziss that the surgery possibly

---

[2] The Board's conclusion was also based in part on the belief that the referee found that claimant was not credible. However, the referee did not find that claimant was not credible. Rather, he stated that some of claimant's statement made him uncertain whether claimant was untruthful or had a poor memory.

should be performed but eventually changed his opinion and concluded that it should not.

Weeks, Kiest and Carpenter do not express personal familiarity with sinus tarsi syndrome surgery. Puziss had performed the surgery and had done so with success. The evidence is clear that a year after the injury, claimant continued to have swelling, pain, and decreased use of his right foot despite conservative medical treatment. Even though the surgery is not frequently performed, the prognosis for alleviation of claimant's ongoing medical problems shows that the surgery was necessary and reasonable.

■ Claimant argues that his claim was prematurely closed in May, 1984. We agree. Claimant had continued pain and swelling and the treatment proposed by Puziss was not palliative but was suggested for the purpose of improving claimant's foot problem. *See Schuening v. J. R. Simplot & Company,* 84 Or App 622, 735 P2d 1, *rev den* 303 Or 590 (1987). Claimant's condition was not medically stationary on the date of closure.[3]

Reversed and remanded with instructions to reinstate referee's order setting aside employer's partial denial of surgery and award of attorney fees and to rescind the May 15, 1984, determination order as prematurely closed.

---

[3] Our decision that the claim was prematurely closed renders moot claimant's assignment of error that the Board erred in not awarding permanent partial disability.