Argued and submitted November 16, 1988, affirmed January 11, 1989

In the Matter of the Compensation of
Marco Aguiar, Claimant.

AGUIAR,
*Petitioner,*

*v.*

J. R. SIMPLOT COMPANY,
*Respondent.*

(84-05596; CA A47942)

767 P2d 86

Kenneth D. Peterson, Jr., Hermiston, filed the brief for petitioner.

Kenneth L. Kleinsmith, Portland, argued the cause for respondent. With him on the brief was Meyers & Terrall, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Claimant seeks review of an order of the Workers' Compensation Board on remand after our opinion in *Aguiar v. J. R. Simplot Co.,* 87 Or App 475, 742 P2d 709 (1987). We remanded the case to the Board to rescind the May 15, 1984, determination order as premature and for reinstatement of the referee's order, which had allowed certain medical services and had awarded attorney fees for services provided at the hearing.

The Board issued its order on remand, as directed. It reinstated the referee's award of attorney fees for services provided at the hearing, but declined to award additional attorney fees for services at subsequent levels of review. Claimant contends that, in its order on remand, the Board should have awarded reasonable attorney fees for each level of review through remand, pursuant to ORS 656.388(1), which provides, in part:

> "In cases in which a claimant *finally prevails after remand* from the Supreme Court, Court of Appeals or Board, then the referee, Board or appellate court shall approve or allow a reasonable attorney fee for services before every prior forum." (Emphasis supplied.)

Claimant contends that he has only now "finally prevailed after remand." In our previous opinion, *we* decided the merits of the substantive questions presented by claimant's petition. *We* determined that claimant was entitled to the additional medical services that he sought and that his claim had been prematurely closed. There were no substantive matters concerning the compensability of the claim left undecided. Claimant finally prevailed on those issues when the case was here before. After our previous decision, claimant filed an untimely petition for attorney fees under ORS 656.386(1), which we denied. We remanded to the Board for the ministerial implementation of our decision.

There were no matters concerning compensability left to be decided by the Board and no matters on which claimant could finally prevail after remand. The Board properly held, therefore, that it had no authority to award attorney fees to claimant under ORS 656.388.

Affirmed.