Submitted on record and briefs August 29, reversed and remanded
November 19, 1997

## Carol L. CHAFFEE
and J. W. Everitt,
*Appellants,*

*v.*

## SHAFFER TRUCKING, INC.,
a corporation,
and Howard Austin Williams,
*Respondents.*

(CV950827; CA A94952)

948 P2d 760

Carol L. Chaffee and J. W. Everitt filed the briefs *pro se.*

Thomas W. Brown, Wendy M. Margolis and Cosgrave, Vergeer & Kester, L.L.P. filed the brief for respondents.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

In this action for damages to their automobile, plaintiffs appeal a judgment entered pursuant to a jury verdict in favor of defendant.[1] They assign error to the trial court's granting of defendant's motion to exclude all evidence of his guilty plea to the traffic offense of reckless driving.[2] ORS 41.905(2). Because this case involves a question of statutory interpretation, we review for errors of law, *Community Bank v. U.S. Bank*, 276 Or 471, 478, 555 P2d 435 (1976), and reverse and remand.

On the evening of February 18, 1995, plaintiffs and defendant were driving west on Interstate 84 between La Grande and Pendleton. It was cold, dark and rainy. Defendant was driving an 18-wheel tractor-trailer truck owned by Shaffer Trucking, Inc., and plaintiffs were driving a small car. Defendant, whose truck was about three car lengths ahead of plaintiffs' car, was concerned about black ice forming on the road.

According to defendant, plaintiffs' headlights shined into his side mirror causing a distracting glare, so he turned his truck onto the shoulder of the highway so that plaintiffs would pass him. Instead of passing, plaintiffs flashed their car's high-beam headlights at defendant, because, they testified, they thought he was drifting off the road unintentionally. Defendant moved farther onto the shoulder, which caused gravel to shower plaintiffs' car.

Plaintiffs moved into the passing lane at the same time that defendant drove back into the right lane of travel. The vehicles nearly collided as each moved into a lane. Plaintiffs quickly accelerated and passed defendant's truck. Defendant then turned on his truck's high-beam headlights in an effort to shine bright lights into their eyes. Plaintiffs pulled over and defendant passed them, after which plaintiffs

---

[1] For purposes of this opinion, "defendant" only refers to defendant Howard Austin Williams. Shaffer Trucking, Inc., also is a named defendant.

[2] ORS 811.140 provides, in part:

"A person commits the offense of reckless driving if the person recklessly drives a vehicle upon a highway or other premises described in this section in a manner that endangers the safety of persons or property."

returned to the highway and caught up with defendant. Plaintiffs took a photograph of the back end of defendant's truck, then passed it again and pulled off to the left of the freeway. After defendant passed them, plaintiffs reentered the freeway, caught up with defendant, drove up along side of the truck and, using a flashbulb, took a photograph of defendant in the cab of his truck. The photograph shows defendant "flipping off" plaintiffs by extending the middle finger of one hand.

Plaintiffs reported the incident to the state police in Pendleton, and defendant was charged with reckless driving. He pleaded guilty to that charge, but the judgment specified that if he successfully completed a number of conditions—including writing a letter of apology to plaintiffs—no judgment of conviction would be entered. Plaintiffs subsequently filed this action, seeking compensatory and punitive damages.[3] Defendant and Shaffer Trucking denied liability and moved before trial to exclude all evidence that defendant had been charged with and pleaded guilty to one count of reckless driving. The trial court granted the motion. It reasoned that,

> "it'll not be received in this court because of the conditional aspect of it. When a plea of guilt is made under an agreement for conditional discharge, no judgment of conviction is entered. A sentence is imposed, just as if a conviction had occurred, but you don't have that so it's out."

At the conclusion of the trial, the jury returned a special verdict for defendant and Shaffer Trucking.

■      Plaintiffs assign error to the exclusion of defendant's guilty plea. They argue that the guilty plea should have been admitted under ORS 41.905(2). ORS 41.905 provides:

> "(1)   A judgment of conviction or acquittal of a person charged with a traffic offense is not admissible in the trial of a subsequent civil action arising out of the same accident or occurrence to prove or negate the facts upon which such judgment was rendered.

---

[3] Plaintiffs' demand for damages included $2,000 in physical damage to their car, the cost of a night's lodging in Pendleton, $5,000 each for "severe fright, mental suffering and emotional distress" caused by defendant and $5,000 each in punitive damages.

"(2)   A plea of guilty by a person to a traffic offense may be admitted as evidence in the trial of a subsequent civil action arising out of the same accident or occurrence as an admission of the person entering the plea, and for no other purpose.

"(3)   Evidence of forfeiture of bail posted by a person as a result of a charge of a traffic offense shall not be admitted as evidence in the trial of a subsequent civil action arising out of the same accident or occurrence."

Defendant responds that the context of ORS 41.905(2) supports the conclusion that "the legislature did not intend that ORS 41.905(2) would treat all guilty pleas equally" and "that the legislature was concerned only with guilty pleas that resulted in a judgment of conviction."

In construing a statute, the first level of analysis is the text and context, because they are the best evidence of the legislature's intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The text of ORS 41.905(2) unambiguously provides that a plea of guilty to a traffic offense *may* be admitted in a subsequent civil action arising out of the same accident or occurrence. Nothing in the text or context of ORS 41.905(2) declares an exception for guilty pleas entered under conditional discharge agreements. The evidence of defendant's guilty plea is admissible under the statute and the evidence of the guilty plea also is relevant as a matter of law. The trial court erred in concluding that the evidence was not admissible under ORS 41.905(2).

Nevertheless, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence." OEC 403. However, it is for the trial court, not us, to make the initial determination under OEC 403. The court did not do so here, because it held that the guilty plea was inadmissible for reasons independent of OEC 403.

Evidentiary error is not presumed to be prejudicial. OEC 103(1). Reversal is not required unless the error affects "a substantial right of the party." *Id.* Plaintiffs argue that the court's decision to exclude the evidence was prejudicial,

because the evidence would have been helpful to the jury in resolving credibility questions. Defendant responds that the mere existence of the guilty plea was not inconsistent with his trial testimony.

The record in this case consists primarily of the testimony of plaintiffs and defendant, and their accounts of what transpired differs significantly. Their credibility was crucial to the jury's determination of liability. *See State v. Hubbard*, 297 Or 789, 800, 688 P2d 1311 (1984) (The jury is entitled to "an adequate opportunity to assess the credibility of a witness whose credibility is important to the outcome of the trial."). We cannot say that the evidentiary error did not prejudice plaintiffs.

Reversed and remanded.