On respondents' Motion for Reconsideration filed February 4, of order filed January 21, taken en banc August 8, reconsideration allowed; order withdrawn and request for attorney fees denied December 20, 2000

## In the Matter of the Compensation of Benjamin G. Santos, Claimant.

### Benjamin G. SANTOS,
*Petitioner,*

*v.*

### CARYALL TRANSPORT
### and SAIF Corporation,
*Respondents.*

### (96-01407; CA A99312)

17 P3d 509

David L. Runner for the motion.

Donald M. Hooton and Merrill Schneider *contra*.

Before Deits, Chief Judge, and Edmonds, Landau, Haselton, Armstrong, Linder, Wollheim, Kistler and Brewer, Judges.

DEITS, C. J.

Armstrong, J., concurring.

**DEITS, C. J.**

Employer petitions for reconsideration of our order awarding claimant attorney fees under ORS 656.382(2). We grant the petition, withdraw the order, and deny claimant's request for attorney fees.

Claimant worked as a transport driver for employer. He injured his lower back in 1991 when he slipped and fell on ice in a hospital parking lot. The fall occurred in the course of his employment. Before claimant received a final award on his claim for injuries from the fall, the legislature amended ORS 656.214(6) to increase the amount of money to be awarded for each degree of disability for injuries that occurred before January 1, 1992. The amendment applied retroactively to all claims that were not final as of its effective date. When employer failed to pay claimant at the new disability rate, claimant sought a hearing before an administrative law judge (ALJ) on that failure. The ALJ ordered employer to recalculate claimant's permanent partial disability award according to the new rate.

Employer requested review before the Workers' Compensation Board. The Board held that the amendment applied retroactively, but that claimant had failed to preserve his claim to be paid at the new rate because he had not raised the issue on reconsideration. On claimant's petition, we reversed in a per curiam decision citing to *Crowder v. Alumaflex*, 163 Or App 143, 986 P2d 1269 (1999), in which we held that the amendment was retroactive but that the claimant was not required to raise the rate issue on reconsideration, because the amendment had been adopted after reconsideration. *Santos v. Caryall Transport*, 163 Or App 414, 987 P2d 1271 (1999). We remanded for recalculation of the amount of permanent partial disability.

After prevailing on that issue, claimant sought an award of attorney fees under ORS 656.382(2) for his attorney's services in this court. Employer objected to an award on the ground that the statute authorizes attorney fees only when the employer or insurer is the party that *initiated* the review at the level at which the award is requested. We

awarded fees. On reconsideration, we conclude that employer was correct and withdraw our order awarding fees.

■       ORS 656.382(2) provides:

*"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the Administrative Law Judge, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced,* the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the Administrative Law Judge, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal." (Emphasis added.)

As the emphasized language makes clear, when the employer initiates a review and compensation is not disallowed or reduced *at that level of review*, the employer must pay the claimant's attorney fees in an amount set by the reviewing body for that level of review and for prior levels of review. We have long adhered to the view that ORS 656.382(2) requires that the employer or insurer initiate review at the particular stage at which attorney fees are sought in order for attorney fees to be available under the statute. *See Gainor v. SAIF*, 51 Or App 869, 870, 627 P2d 41 (1981); *Bailey v. Morrison-Knudsen*, 5 Or App 592, 598-600, 485 P2d 1254 (1971). Here, employer initiated the appeal to the Board and prevailed at that level. Claimant then initiated and prevailed on his petition for review before us. Under these circumstances, the statute simply does not authorize fees for claimant.

■       Claimant argues that a 1983 amendment to the statute eliminated the requirement that the employer or insurer initiate the review at the particular level at which attorney fees are sought. We disagree. In 1983, the legislature inserted the words "prior to" in describing the services for which fees are to be awarded once the statutory entitlement to fees is triggered. Or Laws 1983, ch 568, § 1. The amendment made it clear that fees can be awarded for legal services rendered at prior proceedings. However, the amendment did not change the language of the statute on which our above

interpretation of ORS 656.382(2) was based. Furthermore, neither we nor the Supreme Court has ever interpreted the 1983 amendment in the manner urged by claimant. Both courts have continued to require that, in order to be entitled to fees under ORS 656.382(2), the employer must have initiated the review *at the level at which fees are sought*.

The reason for the requirement has been described by the Supreme Court. In *Bracke v. Baza'r*, 294 Or 483, 487, 658 P2d 1158 (1983), the court described the purpose of ORS 656.382(2), as explained in the legislative history:

> "During the testimony before legislative committees considering the 1965 revision, opponents of HB 1001 (the vehicle for revision) expressed fear that the adversarial position of the employer or SCD [State Compensation Department] * * * and the claimant * * * might result in the former pursuing appeals at each level for the purpose of wearing down or harassing claimants. The answer was to provide that where the employer or SCD initiated 'a request for hearing, request for review or court appeal' and the claimant successfully defended his award, the employer or SCD, as the case might be, would become liable for reasonable attorney fees in addition to the award of benefits. Or Laws 1965, ch 285 § 42(2)."

In *SAIF v. Curry*, 297 Or 504, 686 P2d 363 (1984), the court similarly focused on the issue of wearing down or harassing the claimant. ("One purpose of the statute is to discourage employers or their insurers from wearing down claimants with harassing and frivolous appeals. The statute does this by providing for an award of attorney fees to the claimant if an employer or insurer initiates a higher level examination of the case and does not win a reduction or elimination of the claimant's award.") In *Shoulders v. SAIF*, 300 Or 606, 615, 716 P2d 751 (1986), the court analyzed both ORS 656.382(2) and ORS 656.386(1), and described what it considered to be the primary distinction between the statutes: Under ORS 656.382(2), the claimant is entitled to fees if the insurer appeals and compensation is not reduced; under ORS 656.386(1), attorney fees are available when the claimant appeals and finally prevails. In *Short v. SAIF*, 305 Or 541, 546, 754 P2d 575 (1988), the court adhered to that analysis:

"Where the claimant appeals the amount of liability or extent of disability, as in the present case, he or she concurrently may seek review of the attorney fee award *in the forum in which the merits are presented*. In such case, there is no statutory provision providing for circuit court review of that forum's determination of the appropriate attorney fee award. Where the insurer appeals the compensability of a claim or the amount or extent of liability, as the insurer did in this case before the board, the insurer is liable for attorney fees under ORS 656.382(2)." (Emphasis added.)

Again, in *Greenslitt v. City of Lake Oswego*, 305 Or 530, 535, 754 P2d 570 (1988), the court said:

"ORS 656.382(2) provides for attorney fees to a claimant in an employer-initiated review or appeal where compensation is not reduced or disallowed."

Further, as mentioned above, our case law since the 1983 amendment adheres to our earlier reading of ORS 656.382(2) that the employer must have initiated review at the particular level where attorney fees are sought. In *Weyerhaeuser Co. v. Roller*, 85 Or App 500, 737 P2d 625 (1987), the employer requested a hearing as to the award of permanent partial disability in a determination order. The referee reduced the claimant's award. On the claimant's appeal, the Board reversed the referee, holding that the referee had no jurisdiction to consider the request for hearing. On judicial review, the Court of Appeals affirmed the Board. The claimant sought attorney fees under ORS 656.382(2) for services before the Board, reasoning that the statute authorized fees based on the employer's original challenge of the determination order. We rejected the contention, holding:

"ORS 656.382(2) authorizes an award of insurer-paid attorney fees if the claimant prevails on an appeal initiated by the insurer or the employer. Here, *claimant* initiated the appeal to the Board. He is not entitled to attorney fees under ORS 656.382, or under any other section." *Roller*, 85 Or App at 504 (emphasis in original).

Our analysis in *Roller* is consistent with our earlier decisions and requires the conclusion that a prerequisite to the recovery of attorney fees under ORS 656.382(2) is that the employer initiate the appeal or review at the level at which attorney fees are sought.

We have continued to recite the prerequisites to recovery of attorney fees under ORS 656.382(2) to include an employer-initiated proceeding to obtain a disallowance or reduction in the claimant's award. *Deaton v. Hunt-Elder*, 145 Or App 110, 928 P2d 992 (1996) ("An award of attorney fees under [ORS 656.382(2)] requires (1) that an employer initiate a request for a hearing to obtain a disallowance or reduction in a claimant's award of compensation; (2) that the claimant's attorney perform legal services in defending the compensation award; and (3) that the ALJ find on the merits that the claimant's award of compensation should not be disallowed or reduced."); *Strazi v. SAIF*, 109 Or App 105, 107-08, 817 P2d 1348 (1991) ("There are three things that a claimant must prove to get attorney fees under [ORS 656.382(2)]: first, that the employer initiated a request for a hearing to obtain a disallowance or reduction in the claimant's award of compensation or filed a cross-appeal to do so, *Dotson v. Bohemia, Inc.*, 80 Or App 233, 236, 720 P2d 1345, *rev den* 302 Or 35[, 302 Or 461] (1986); second, that the claimant's attorney performed legal services in defending the compensation award, *Mobley v. SAIF*, 58 Or App 394, 396, 648 P2d 1357 (1982); and third, that the referee found on the merits that the claimant's award of compensation should not be disallowed or reduced. *Liberty Northwest Ins. Corp. v. McKellips*, 100 Or App 549, 550, 786 P2d 1321 (1990); *Agripac, Inc. v. Kitchel*, 73 Or App 132, 135, 698 P2d 69 (1985)."); *Ray Schulten's Ford v. Vijan*, 105 Or App 294, 297, 804 P2d 1196 (1991) ("We have held that, in order to recover attorney fees under [ORS 656.382(2)], the claimant must have prevailed in a proceeding in which he risked the loss of or reduction in compensation."). In summary, the text of ORS 656.382(2) and the courts' previous interpretations of that language compel the conclusion that fees simply are not available here for claimant.

The concurrence agrees that ORS 656.382(2) does not authorize an award of fees by this court. The concurrence expresses the view, however, that even though this court lacks authority under the statute to award fees, on remand from this court, it is arguably correct that the Board has the authority to make an award of attorney fees. As the concurrence recognizes, the first and most serious problem with its

position is that the question of the Board's authority to award fees on remand from this court is not before us. Accordingly, we do not address the issue at this time. Further, we note that the discussion included in the concurrence regarding this issue is the view of the concurring judges only and would not necessarily reflect the position of a majority of this court.

It could be said that there is a "gap" in the statutes authorizing attorney fees in workers' compensation cases. Under ORS 656.386(1), the claimant is entitled to fees on his or her own appeal only if the compensability of the claim is at issue. Under ORS 656.382(2), the claimant is entitled to fees only if the employer initiates the appeal or review. Neither statute allows the claimant to recover fees if the compensability of the claim is not at issue (*i.e.,* the only issue is the amount of liability or the extent of disability) and it is the claimant's appeal. In that circumstance, attorney fees must be paid out of the increased award, as provided in ORS 656.386(2) ("In all other cases, attorney fees shall be paid from the increase in the claimant's compensation."). If this situation is one that should be remedied, it is a task for the legislature, not this court.

Reconsideration allowed; order withdrawn and request for attorney fees denied.

**ARMSTRONG, J.,** concurring.

I agree with the majority that we erred in awarding attorney fees under ORS 656.382(2) to claimant for his attorney's work in our court to reverse an erroneous Workers' Compensation Board decision. Whether the Board can award attorney fees to claimant on remand and whether it can include in its award fees for the work before us are issues that have not been raised or argued by the parties. Consequently, the court cannot now decide them. I note, however, that ORS 656.382(2) arguably could provide authority for the Board to award fees to claimant for the work before us when the Board later affirms the administrative law judge's award to claimant on insurer's request for review.

ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to

the Supreme Court is initiated by an employer or insurer, and the Administrative Law Judge, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the Administrative Law Judge, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

After a hearing, an administrative law judge (ALJ) increased claimant's compensation award. Insurer requested review by the Board of the ALJ's decision. On review, the Board reversed the ALJ. Claimant then sought review by us, and we reversed the Board. The effect of our decision is that, on remand, the Board will enter an order that affirms the ALJ's prior award. *See Santos v. Caryall Transport,* 163 Or App 414, 987 P2d 1271 (1999); *Crowder v. Alumaflex,* 163 Or App 143, 986 P2d 1269 (1999).

By entering that order, the Board will have found that the compensation awarded to claimant by the ALJ "should not be disallowed or reduced." It will make that determination on an insurer-initiated review to the Board, so claimant apparently will be entitled to an award of attorney fees under ORS 656.382(2) from the Board.[1] In making that award, the Board is to include attorney fees incurred "prior to the * * * review." ORS 656.382(2). The attorney fees incurred on review to us were incurred prior to the Board's final decision on review, so the statute may provide authority for the Board to include those fees in its award of fees on remand.

Wollheim, J., joins in this concurrence.

---

[1] Our decision returned the case to the Board and, but for our decision, there would be nothing pending before the Board. However, the matter that the *Board* must address on remand is the proper disposition of the insurer-initiated review of the ALJ's decision. The Board's decision on remand will be to affirm the ALJ in that matter, which is to say that it will dispose of the insurer-initiated request for review, not our remand order. Our decision simply tells the Board how to resolve an issue that will be back before the Board on the insurer-initiated review.