Argued and submitted August 4, 2003, award of attorney fees for services on board
review reversed; otherwise affirmed July 28, 2004

In the Matter of the Compensation of
Benjamin G. Santos, Claimant.

SAIF CORPORATION
and Caryall Transport,
*Petitioners,*

*v.*

Benjamin G. SANTOS,
*Respondent.*

96-01407; A117090

94 P3d 906

David L. Runner argued the cause and filed the brief for petitioners.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Schuman and Ortega,* Judges.

ORTEGA, J.

Edmonds, P. J., dissenting.

* Ortega, J., *vice* Kistler, J., resigned.

## ORTEGA, J.

Employer seeks review of an order of the Workers' Compensation Board (the board) on remand after our decision in *Santos v. Caryall Transport,* 163 Or App 414, 987 P2d 1271 (1999) (*Santos I*). Specifically, employer assigns error to the board's award of attorney fees to claimant under ORS 656.382(2). We reverse the challenged award of attorney fees.

The relevant facts are set forth in *Santos v. Caryall Transport,* 171 Or App 467, 469, 17 P3d 509 (2000), *rev den,* 332 Or 558 (2001) (*Santos II*):[1]

"Claimant worked as a transport driver for employer. He injured his lower back in 1991 when he slipped and fell on ice in a hospital parking lot. The fall occurred in the course of his employment. Before claimant received a final award on his claim for injuries from the fall, the legislature amended ORS 656.214(6) to increase the amount of money to be awarded for each degree of disability for injuries that occurred before January 1, 1992. The amendment applied retroactively to all claims that were not final as of its effective date. When employer failed to pay claimant at the new disability rate, claimant sought a hearing before an administrative law judge (ALJ) on that failure. The ALJ ordered employer to recalculate claimant's permanent partial disability award according to the new rate.

"Employer requested review before the Workers' Compensation Board. The Board held that the amendment applied retroactively, but that claimant had failed to preserve his claim to be paid at the new rate because he had not raised the issue on reconsideration. On claimant's petition, we reversed in a per curiam decision citing to *Crowder v. Alumaflex,* 163 Or App 143, 986 P2d 1269 (1999), in which we held that the amendment was retroactive but that the claimant was not required to raise the rate issue on reconsideration, because the amendment had been adopted after reconsideration. [*Santos I*]. We remanded for recalculation of the amount of permanent partial disability."

---

[1] After we reversed our opinion in *Santos I,* we issued an order awarding claimant attorney fees for that review proceeding. In *Santos II,* at employer's request, we reconsidered our order awarding attorney fees.

After prevailing on that issue and before remand, claimant sought an award of attorney fees under ORS 656.382(2) for his attorney's services before this court in *Santos I*. We first awarded fees to claimant, then withdrew that award on reconsideration. *Santos II*, 171 Or App at 469-70. We held in *Santos II* that, under ORS 656.382(2), a tribunal may award attorney fees to a prevailing claimant only if the employer or insurer initiated review to that particular tribunal. *Id*. Because claimant, not employer, had initiated review to this court in *Santos I*, no attorney fees were allowed. *Id*.

On remand, the board recalculated claimant's benefit using the new rate, as this court instructed in *Santos I*. In addition to affirming the ALJ's original "out-of-compensation" attorney fee award for his counsel's services before every prior forum, the board awarded fees of $2,000 to claimant under ORS 656.382(2) for his attorney's services before the board. Employer requested reconsideration of the latter attorney fee award, arguing that claimant was not entitled to fees under ORS 656.382(2) because claimant had prevailed before this court in *Santos I* but not before the board. Rather, according to employer, the board's order on remand in claimant's favor was merely a ministerial act carrying out this court's decision in *Santos I*. The board affirmed its prior order on reconsideration, holding that its actions on remand were not merely ministerial and that claimant had effectively prevailed before the board on remand.

Employer now seeks review of the board's attorney fee award under ORS 636.382(2), renewing the arguments it made to the board on reconsideration. Claimant makes no appearance. Reviewing for errors of law, *Chaffee v. Shaffer Trucking, Inc.*, 151 Or App 323, 325, 948 P2d 760 (1997), we agree with employer that claimant is not entitled to attorney fees before the board on remand, and we reverse the board's ORS 656.382(2) attorney fee award.

ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the Administrative Law Judge, board or court *finds*

*that the compensation awarded to a claimant should not be disallowed or reduced,* the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the Administrative Law Judge, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

(Emphasis added.) Our cases interpreting ORS 656.382(2) identify three prerequisites for recovery of attorney fees under that statute: (1) the employer must initiate a request for a hearing to obtain a disallowance or reduction in a claimant's award of compensation; (2) the claimant's attorney must have performed legal services in defending the compensation award; and (3) the ALJ, board, or court reviewing the case must find on the merits that the claimant's award of compensation should not be disallowed or reduced. *Santos II,* 171 Or App at 473 (citing cases). In *Santos II,* we further interpreted the statute to require claimants to satisfy the first and third prerequisites at the level of review at which attorney fees are requested.[2] *Id.* at 470. That is, a claimant can receive attorney fees under ORS 656.382(2) only if (1) the employer initiated review at the level at which fees are sought and (2) the finding that claimant's compensation was not disallowed or reduced occurred at that level.

In *Santos II,* we declined to address whether claimant would be entitled to attorney fees on remand to the board. 171 Or App at 473-74. *But see id.* at 474-75 (Armstrong, J., concurring) (interpreting ORS 656.382(2) to authorize attorney fees for representation before the board, but agreeing that the issue was not then before the court). We now face that very question. Claimant is entitled to attorney fees under ORS 656.382(2) only if those fees are awarded by a tribunal (1) before which employer initiated review and (2) which found that claimant's compensation should not be disallowed or reduced. Employer initiated review by the board. The issue before us is whether the board found that claimant's compensation should not be disallowed or

---

[2] If those two prerequisites are met, then attorney fees are available not only for legal representation at the pertinent level of review, but also for all legal representation prior to the pertinent level of review. ORS 656.382(2); *Santos II,* 171 Or App at 470.

reduced. Therefore, we must decide whether the board's order on remand was a decision of the board on the merits of the appeal initiated by employer or merely a ministerial act carrying out a decision of this court. We conclude that the board's order on remand was merely ministerial and that attorney fees therefore are not allowed under ORS 656.382(2).

The plain language of ORS 656.382(2) provides that, if an employer initiates review by a tribunal and *that* tribunal "finds that the compensation awarded to a claimant should not be disallowed or reduced," the employer must pay attorney fees in an amount set by *that* tribunal for the claimant's legal representation before that tribunal and in all prior proceedings. The board is not authorized to award attorney fees, then, unless it is the tribunal that found that the compensation awarded to a claimant should not be disallowed or reduced. The board may not award fees if it merely administers the finding of another tribunal, as it did here.

We held that a similar board order was merely ministerial in *Aguiar v. J. R. Simplot Co.*, 94 Or App 658, 767 P2d 86 (1989) (*Aguiar II*), a workers' compensation case interpreting a different attorney fee provision. There, an ALJ had approved the claimant's request for certain medical services, and the employer prevailed in an appeal to the board. *Aguiar v. J. R. Simplot Co.*, 87 Or App 475, 477, 742 P2d 709 (1987) (*Aguiar I*). After the claimant sought review from this court and prevailed, the case was remanded to the board to reinstate the ALJ's order. *Id.* at 478-79. The claimant made an untimely request for attorney fees to this court under ORS 656.386(1), which we denied. *Aguiar II,* 94 Or App at 660. The claimant then sought attorney fees from the board on remand pursuant to ORS 656.386(1). *Id.* We held that the claimant had "finally prevailed" before this court, not the board:

> "There were no substantive matters concerning the compensability of the claim left undecided. Claimant finally prevailed on those issues when the case was here before. * * * We remanded to the Board for the ministerial implementation of our decision."

*Id.*

As in *Aguiar II*, the board here was not asked to consider substantive matters concerning the compensability of the claim. The board was not asked to and did not "find that the compensation awarded to claimant should not be disallowed or reduced." Rather, we remanded simply for "recalculation of [the] amount of permanent partial disability payment" at a different rate. *Santos I*, 163 Or App at 414. In *Santos II*, we explained that, "but for our decision [in *Santos I*], there would be nothing pending before the Board," and we said that "[t]he Board's decision on remand *will be* to affirm the ALJ" with regard to the rate. *Santos II*, 171 Or App at 475 n 1 (emphasis added).

In its order granting attorney fees, the board attempted to distinguish *Aguiar II*, noting that, "[i]n *Aguiar*, the court remanded with specific instructions to reinstate the Referee's order setting aside the surgery denial and to rescind the Determination Order." Here, by contrast, "the court remanded for recalculation of the permanent partial disability benefits." We do not find that distinction to be dispositive. The board's recalculation here did not require it to make a substantive determination on the issue presented by employer in its original appeal to the board.

The dissent asserts that, until the board's recalculation, it was not possible to determine whether claimant's compensation had been disallowed or reduced: "It was only when the board made findings on remand that claimant's compensation was determined not to be disallowed or reduced." 194 Or App at 299-300 (Edmonds, P. J., dissenting). With respect, it was this court's substantive determination in *Santos I* that claimant was entitled to be compensated at the higher rate that gave rise to the positive outcome for claimant. On remand, the board had nothing to decide on the merits; its order on remand was merely a ministerial recalculation. Therefore this court, not the board, made the final decision favorable to claimant. Because the board did not make the finding that claimant's compensation should not be disallowed or reduced, claimant is not entitled to attorney fees at that level under ORS 656.382(2).[3]

---

[3] In *Santos II*, we recognized a gap in attorney fee provisions of the workers' compensation statutes, noting that no statute provides attorney fees for claimants

Award of attorney fees for services on board review reversed; otherwise affirmed.

**EDMONDS, P. J.**, dissenting.

The issue in this case is one of statutory interpretation. ORS 656.382(2) provides that the Workers' Compensation Board (the board) shall award a reasonable attorney fee to a claimant if a request for review is initiated by an employer and the board "finds that the compensation awarded to a claimant should not be disallowed or reduced." The question is whether the legislature intended for the board to award attorney fees under the statute when this court remands for the board to enter an order that affirms the administrative law judge's (ALJ) prior award. The majority answers the question in favor of employer in two ways: it says that we decided that issue adversely to claimant in *Santos v. Caryall Transport*, 171 Or App 467, 17 P3d 509 (2000), *rev den*, 332 Or 558 (2001) (*Santos II*), and, alternatively, that the reasoning in *Aguiar v. J. R. Simplot Co.*, 94 Or App 658, 767 P2d 86 (1989) (*Aguiar II*), defeats claimant's argument. Because I disagree with both prongs of the majority's analysis, and therefore with its result, I dissent.

The above issue is framed by the following facts. Claimant was injured in a work-related accident. During the time that his workers' compensation claim was being processed, the legislature amended ORS 656.214(6) to increase the amount of money to be awarded for each degree of disability. Under the amendment, claimant was entitled to the increased amount. However, employer did not pay claimant at the increased rate. Claimant sought a hearing before an ALJ, who ordered employer to pay in accordance with the increased rate. Employer appealed the ALJ's order to the board. The board ruled in favor of employer. Claimant sought review in this court, and we reversed and remanded the case

who initiate review proceedings where the amount of liability or the extent of disability (rather than basic compensability) is at issue. *Santos II*, 171 Or App at 474. We note now that that gap also creates anomalous results. Under ORS 656.382(2), a claimant whose benefit is challenged and who wins at the board level fares better with regard to attorney fees than a claimant whose benefit is challenged, loses at the board level, and ultimately prevails before this court. As we stated in *Santos II*, "[i]f this situation is one that should be remedied, it is a task for the legislature, not this court." *Id.*

to the board for recalculation of the amount of permanent disability. On remand, the board awarded claimant permanent disability in accordance with the increased rate, as the ALJ originally ordered. The board also awarded attorney fees to claimant pursuant to ORS 656.382(2) for services rendered in the proceeding before the board. Employer challenges the award of attorney fees in the board's order.

The majority contends that we previously decided claimant's entitlement to attorney fees for services rendered before the board in Santos II. In our first decision, *Santos v. Caryall*, 163 Or App 414, 987 P2d 1271 (1999) (*Santos I*), we reversed the board's ruling that claimant was not entitled to the new rate on the merits. Our per curiam opinion, stated, in its entirety,

> "Reversed and remanded for recalculation of amount of permanent partial disability payment. *Crowder v. Alumaflex*, 163 Or App 143, 986 P2d 1269 (1999)."

After prevailing on the issue of the calculation of permanent partial disability, claimant sought an award under ORS 656.382(2) "for his attorney's services in this court." *Santos II*, 171 Or App at 469. We rejected claimant's request, observing,

> "The concurrence agrees that ORS 656.382(2) does not authorize an award of fees by this court. The concurrence expresses the view, however, that even though this court lacks authority under the statute to award fees, on remand from this court, it is arguably correct that the Board has the authority to make an award of attorney fees. As the concurrence recognizes, the first and most serious problem with its position is that the question of the Board's authority to award fees on remand from this court is not before us. Accordingly, we do not address the issue at this time."

*Id.* at 473-74.

While it is correct that claimant's successful initiation of judicial review in this court did not entitle him to an award of attorney fees under a statute that requires an employer-initiated proceeding before an ALJ, the board, or a reviewing court, it does not necessarily follow that that omission in the statutory scheme resulted in the board's lack of authority to award attorney fees on remand from this court.

The effect of our remand was to return the claim to the board in the same posture that it had when employer appealed to the board from the ALJ's ruling. Thus, on remand, the board had before it procedurally an employer-initiated appeal, thereby satisfying that requirement of ORS 656.382(2). The remaining issue is whether, as the statute requires, the board found that the compensation awarded to claimant by the ALJ "should not be disallowed or reduced."

The word "finds" in ORS 656.382(2) has a recognized legal meaning. When a tribunal "finds" or makes a "finding," it refers to a determination made either by a court or an administrative agency from the evidence in a case. *Norden v. Water Resources Dept.*, 329 Or 641, 646-47, 996 P2d 958 (2000). Here, the board's order on remand recited the procedural history of the case and, after observing that we had remanded "for recalculation of the amount of permanent partial disability (PPD)," ruled:

> "Consistent[ly] with *Crowder*, after reconsidering this matter, we affirm the ALJ's order that directed the SAIF Corporation to recalculate claimant's PPD award at the rate set forth in the 1995 amendment to ORS 656.214(6)."

Two conclusions flow from the actions of this court in *Santos II* and the board after remand. First, we made no *findings* in *Santos II*. We did not order the board to determine a particular amount of partial disability; rather, we ordered the board to *recalculate* the amount of permanent partial disability in accordance with the applicable law. Second, it is apparent from the above ruling made by the board that it made its own findings about the amount of the award of permanent partial disability based on the evidence before it, or, in the language of the ORS 656.382(2), it determined after remand and on appeal from the ALJ's decision that claimant's compensation should not be disallowed or reduced. Thus, it was ultimately the board's action, and not ours, that resulted in findings that led to an award of compensation to claimant.

The majority reasons differently. Based on our holding in *Aguiar II*, it concludes that the board's order on remand was merely a ministerial recalculation. It explains that, as in that case, "[t]he board's recalculation here did not

require it to make a substantive determination on the issue presented by employer in its original appeal to the board." 194 Or App at 295. However, our holding in *Aguiar II* is not controlling precedent in this case for several reasons. First, *Aguiar II* did not involve an interpretation of ORS 656.382(2). Rather, the governing statute in that case was ORS 656.388(1), which required that a claimant "finally prevail" before the statute authorized an award of attorney fees. That statutory predicate to an award of attorney fees is not present in this case.

Second, the claimant in *Aguiar II* argued that he had "finally prevailed" only after the board issued its order on remand reinstating only the ALJ's award of attorney fees for services provided at hearing. His argument arose under the following circumstances. In our previous opinion before the remand, we had determined the substantive issues regarding compensability in favor of the claimant, and we had remanded to the board for the ministerial implementation of our decision. There were no substantive issues regarding the compensability of the claimant's claim after our decision, and the claimant had finally prevailed on those issues. The claimant's request for attorney fees to this court that followed after our ruling was untimely. The claimant then sought attorney fees from the board after our remand. The board declined to award fees for services rendered at subsequent levels of review, and the claimant sought judicial review of the board's ruling in that regard. On review, we held that the board had properly concluded that it lacked the authority to award attorney fees under the statute on remand because claimant had not finally prevailed before the board; rather, he had finally prevailed on the merits in the earlier proceeding before this court.

Of course, at issue in this case is the entitlement to an award of attorney fees under ORS 656.382(2), a different statute with different requirements from ORS 656.388(1). In contrast to *Aguiar II*, the statute governing this case does not condition an award of attorney fees on the level at which the claimant finally prevails but on the *findings* made in response to an employer-initiated appeal. Thus, whether or not the board acts ministerially on remand from us is irrelevant to an award of fees under ORS 656.382(2). It was only

when the board made findings on remand that claimant's compensation was determined not to be disallowed or reduced. Before the board's recalculation of the disability award, claimant had not met the requirements of the statute for an award of fees. It was only after remand, and after the board made its ruling, that a comparison could be made to determine whether the compensation awarded to claimant by the ALJ had been disallowed or reduced on an employer-initiated appeal. It follows for these reasons that our holding in *Aguiar II* is not controlling in this case.

The board was correct when it ruled that claimant had satisfied the statutory requirements for an award of attorney fees under ORS 656.382(2), and accordingly, for the above reasons, I dissent.