Argued and submitted October 27, 2010, award of attorney fees reversed; otherwise affirmed March 23, petition for review allowed August 18, 2011 (350 Or 573)

In the Matter of the Compensation of
Crystal L. DeLeon, Claimant.
SAIF CORPORATION
and Oregon Child Development Coalition,
*Petitioners,*

*v.*

Crystal L. DeLEON,
*Respondent.*
Workers' Compensation Board
0803173; A142932
251 P3d 794

David L. Runner argued the cause and filed the briefs for petitioners.

Matthew L. Roy argued the cause for respondent. With him on the brief was Dunn & Roy.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Nakamoto, Judge.*

---

* Nakamoto, J., *vice* Landau, Judge pro tempore.

NAKAMOTO, J.

## NAKAMOTO, J.

SAIF seeks review of an order of the Workers' Compensation Board holding that claimant is entitled to insurer-paid attorney fees under ORS 656.382(2) for services provided at the hearing level, even though claimant did not prevail at that level, because claimant *should have* prevailed at that level. We agree with SAIF that ORS 656.382(2), as interpreted by this court in *Santos v. Caryall Transport*, 171 Or App 467, 469, 17 P3d 509 (2000), *rev den*, 332 Or 558 (2001) (*Santos II*), and *SAIF v. Santos*, 194 Or App 289, 293, 94 P3d 906 (2004) (*Santos III*), does not authorize an insurer-paid attorney fee in this circumstance. We therefore reverse the board's award of insurer-paid attorney fees.

The facts are undisputed. Claimant injured her neck, upper back, and right shoulder at work. SAIF accepted her injury claim for strains of each of the injured areas and closed the claim with no award of permanent partial disability. Claimant requested reconsideration, and, based on a report by the medical arbiter, the Department of Consumer and Business Services awarded claimant 11 percent permanent partial disability for the right shoulder.

SAIF requested a hearing. SAIF persuaded the administrative law judge (ALJ) that claimant was not entitled to benefits for permanent partial disability, and the ALJ reduced claimant's award to zero. Claimant appealed the ALJ's order to the Workers' Compensation Board, and the board reversed the ALJ, reinstating the 11 percent award. The board also awarded claimant an insurer-paid attorney fee under ORS 656.382(2) for services provided at the hearing level. The board explained that it awarded the fee "for claimant's counsel's services at the hearing level in successfully defending claimant's compensation against SAIF's hearing request seeking disallowance or reduction of the * * * award." SAIF contends that the board's award of an insurer-paid attorney fee is in error.

This case turns on an interpretation of ORS 656.382(2), which provides, in part:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to

the Supreme Court is initiated by an employer or insurer, and the Administrative Law Judge, board or court finds that the compensation awarded to the claimant should not be disallowed or reduced, the employer or the insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the Administrative Law Judge, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

In *Santos III*, we explained that our cases have set forth three prerequisites for the recovery of attorney fees under that provision:

"(1) the employer must initiate a request for a hearing to obtain a disallowance or reduction in a claimant's award of compensation; (2) the claimant's attorney must have performed legal services in defending the compensation award; and (3) the ALJ, board, or court reviewing the case must find on the merits that the claimant's award of compensation should not be disallowed or reduced."

194 Or App at 293 (citing *Santos II*, 171 Or App at 473). We further explained in *Santos III* (again citing *Santos II*) that the first and third prerequisites must be satisfied at the same level of review, *and* at the level of review at which attorney fees are requested; if those prerequisites are met, then attorney fees are available not only for legal representation at the pertinent level of review, but also for all legal representation prior to the pertinent level of review. 194 Or App at 293 n 2 (citing *Santos II,* 171 Or App at 470). In *Santos III*, we synthesized the three requirements as follows: Under ORS 656.382(2), a claimant can receive attorney fees only if (1) the employer initiated review at the level at which fees are sought and (2) the finding that the claimant's compensation was not disallowed or reduced occurred at that level. 194 Or App at 293.

This court's opinions in *Santos II* and *Santos III* preclude an award of attorney fees to claimant in this case. Applying the holdings in *Santos II* and *Santos III*, we review again each level of the administrative proceedings, along with their ramifications for purposes of attorney fees under ORS 656.382(2). After the department awarded claimant benefits for permanent partial disability, SAIF requested a

hearing and prevailed before the ALJ on its contention that claimant was not entitled to permanent partial disability benefits. If claimant's benefits had not been disallowed or reduced at the hearing level, then claimant would have been entitled to seek an insurer-paid attorney fee under ORS 656.382(2) from the ALJ for successfully opposing a reduction of benefits. However, claimant's benefits were reduced; accordingly, no fees could be awarded under ORS 656.382(2) for services provided at the hearing level, unless claimant succeeded in a subsequent *employer-initiated* review or appeal in avoiding a reduction or disallowance of benefits.

The case then moved to the board level, when claimant—not SAIF—initiated an appeal of the ALJ's order. The board reinstated the award of permanent partial disability benefits for claimant's shoulder injury. The board held that, although insurer-paid attorney fees were unavailable for services that claimant's counsel provided at the board level because SAIF had not initiated that level of review, insurer-paid attorney fees under ORS 656.382(2) could be awarded for services provided at the hearing level. In making that determination, the board reasoned that SAIF had initiated that level of review and that the ALJ *should not have disallowed or reduced* claimant's compensation.

The board's interpretation does not comport with the text of the statute, as we have interpreted it in *Santos II* and *Santos III* and earlier cases. We initially note that, although the board concluded otherwise, those cases are controlling. The board reasoned that, because claimant is seeking fees only for the hearing level of review, which SAIF had initiated, whereas Santos had sought fees for the level of review he had initiated, the *Santos* cases were inapplicable. Any factual distinction notwithstanding, *Santos II* and *Santos III* together make clear that ORS 656.382(2) authorizes an insurer-paid attorney fee only when the employer sought review at the level of review at which the claimant actually prevails. Those two prerequisites do not coalesce in this case, where claimant initiated the board appeal at which she was successful in obtaining a reversal of the ALJ's order adverse to her. We accordingly reverse the award of insurer-paid attorney fees.

Award of attorney fees reversed; otherwise affirmed.