Submitted on remand from the Oregon Supreme Court November 29, affirmed December 27, 2012

In the Matter of the Compensation of
Patricia G. Haley, Claimant.

## SAIF CORPORATION
and Oregon Dental Care,
*Petitioners,*

*v.*

Patricia G. HALEY,
*Respondent.*

Workers' Compensation Board
0805156; A143176

296 P3d 560

David L. Runner for petitioners.

Christopher D. Moore and Malagon, Moore & Jensen for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

This case is on remand from the Supreme Court, *SAIF v. Haley*, 352 Or 564, 291 P3d 736 (2012). In our prior decision, we held that claimant was not entitled to an insurer-paid attorney fee under ORS 656.382(2) because she did not prevail at the hearing, which SAIF requested. We relied on our decision in *SAIF v. DeLeon*, 241 Or App 614, 251 P3d 794 (2011), but the Supreme Court reversed, *SAIF v. DeLeon*, 352 Or 130, 282 P3d 800 (2012), and held that the claimant was entitled to an insurer-paid attorney fee under the same circumstances as here. On remand, we affirm the Workers' Compensation Board's order.

Claimant sustained a January 2007 left shoulder compensable injury. An April 2008 notice of closure did not award claimant any permanent disability. Claimant requested reconsideration. An August 2008 order on reconsideration awarded claimant 15 percent whole person impairment. SAIF requested a hearing, challenging the award of impairment. The administrative law judge (ALJ) modified the order on reconsideration and reduced the award of whole person impairment to zero. In other words, the ALJ reinstated SAIF's notice of closure. Claimant requested board review. The board reinstated the order on reconsideration award of 15 percent whole person impairment. The board awarded an assessed attorney fee under ORS 656.382(2) because SAIF requested the hearing and claimant's compensation was not ultimately reduced or disallowed. As mentioned above, we reversed the award of attorney fees under ORS 656.382(2).[1]

In *DeLeon*, the Supreme Court reversed our decision that the claimant was not entitled to an award of assessed attorney fees under ORS 656.382(2). 353 Or at 143.

---

[1] ORS 656.382(2) provides, in part:

"If a request for hearing * * * is initiated by an employer or insurer, and the * * * board * * * finds that the compensation awarded to a claimant should not be disallowed or reduced, * * * the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the board * * * for legal representation by an attorney for the claimant at and prior to the hearing * * *."

There is no material difference between *DeLeon* and this case. Accordingly, we hold that claimant is entitled to the assessed attorney fees awarded by the board for claimant prevailing as a result of SAIF's request for hearing.

Affirmed.