Argued and submitted March 2, decisions of Court of Appeals and Workers' Compensation Board affirmed April 26, 1988

In the Matter of the Compensation of
Martin Greenslitt, Claimant.

GREENSLITT,
*Petitioner on Review,*

*v.*

CITY OF LAKE OSWEGO et al,
*Respondents on Review.*

(WCB 82-00591; CA A41824; SC S34680)

754 P2d 570

James L. Edmunson, Malagon & Moore, Eugene, argued the cause and filed the petition for petitioner on review. With him on the petition was Karen M. Werner, Eugene.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents on review. With him on the response were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PETERSON, C. J.

## PETERSON, C. J.

The issue in this case is whether the Workers' Compensation Board, on an employer's request for board review of a compensation claim, has authority to review a referee's award of attorney fees made under ORS 656.386(1). The Court of Appeals held that the board was the proper forum for the attorney fees dispute. *Greenslitt v. City of Lake Oswego,* 88 Or App 94, 744 P2d 577 (1987). We affirm.

The claimant was employed by the City of Lake Oswego. The employer's insurer, the State Accident Insurance Fund (SAIF), denied the claimant's occupational disease claim. The claimant requested a hearing. The referee held that the claim was compensable and ordered that the claim be remanded to SAIF for acceptance. In the same order, pursuant to ORS 656.386(1), the referee ordered that the claimant's attorney be "awarded an extraordinary attorney fee of $7,000 for prevailing upon the denials, with the same to be paid by SAIF and not to be taken from the benefit due claimant."

SAIF requested board review of the referee's order. ORS 656.289(3), 656.295. The board affirmed the referee on the merits, but reduced the referee's attorney fee award to $3,000.[1]

The claimant sought review in the Court of Appeals of the board's reduction of attorney fees, arguing that the

---

[1] The board stated:

"The Referee awarded claimant's attorney a fee of $7,000 for services at hearing, noting his impression that the services rendered by claimant's attorney were 'extraordinary.' OAR 438-47-015 provides the Referee the discretion to award an attorney fee of up to $3,000 on a denied claim ordered accepted by the Referee. The Referee or Board may allow a fee in excess of the rule's maximum when claimant's attorney provides a sworn statement regarding the services rendered on claimant's behalf, and the services are deemed to have been extraordinary. OAR 438-047-010(2).

"In the present case, no sworn statement was submitted to the Referee. No showing nor request was made at hearing for an extraordinary fee. See *Roger A. Shoff,* 38 Van Natta 163, 164 (1986). Although the Referee felt that the efforts expended by claimant's attorney were 'extraordinary,' he did not acknowledge the absence of a sworn statement regarding an extraordinary fee. Without benefit of the sworn statement, the Referee had no discretion to award a fee in excess of the $3,000 maximum allowed by administrative rule. Without the sworn statement, we, too, are constrained from awarding more than the maximum allowed by our rule. Claimant's attorney's fee for services at hearing shall therefore be reduced to $3,000. * * *"

board was without jurisdiction to review a referee's award of attorney fees and that the proper forum for such disputes was the circuit court under ORS 656.388(2). The Court of Appeals held that "[b]ecause in this case employer sought Board review of the referee's compensability determination, the Board had jurisdiction to review the attorney fee award." 88 Or App at 100. We hold that the board had authority to review the referee's award of attorney fees and affirm.

This case involves three related statutes: ORS 656.382 (penalties and attorney fees payable by insurer in processing claim), ORS 656.386 (recovery of attorney fees in appeal on denied claim) and ORS 656.388 (circuit court review of attorney fees).

### ORS 656.386 and ORS 656.388

ORS 656.386(1) provides:

"In all cases involving accidental injuries where a claimant *finally* prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails *finally* in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. *In the event a dispute arises as to the amount allowed by the referee or board or appellate court, that amount shall be settled as provided for in ORS 656.388(2).* Attorney fees provided for in this section shall be paid by the insurer or self-insured employer." (Emphasis added.)

At the relevant time, ORS 656.388(2) provided:

"If an attorney and the referee or board or appellate court cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge for the circuit court in the county in which the claimant resides. * * *"

■■ There are three prerequisites to the applicability of the attorney fees provision of ORS 656.386(1): (1) the claimant must initiate the hearing process by requesting review from an order or decision denying the claim; (2) the claimant must prevail *finally* on the issue of compensation (before the forum in which the claimant is the initiating party); and (3)

the decision of the referee, board or court in which the claimant prevails finally must be from an earlier decision or order denying, rather than allowing, the claim for compensation. *Shoulders v. SAIF,* 300 Or 606, 611-12, 716 P2d 751 (1986). A claimant "prevails finally" before a forum if that forum holds in the claimant's favor on the issue of the claimant's right to workers' compensation and that determination is not appealed within the time allowed by statute. For example, "[u]nder ORS 656.289(3), the matters determined by [a referee's order become] final unless 'within 30 days after the date on which a copy of the order is mailed to the parties, one of the parties requests review by the board under ORS 656.295.' " *Farmers Ins. Group v. SAIF,* 301 Or 612, 619, 724 P2d 799 (1986).[2]

■    Had the claimant in this case "prevailed finally" before the referee on the merits of his workers' compensation claim, leaving only attorney fees in dispute, the circuit court would have been the proper forum to review the referee's award of attorney fees. However, in the present case, SAIF, the employer's insurer, timely sought review of the referee's order. Because the claimant did not "prevail finally" before the referee, ORS 656.386(1) is not applicable.

■    In this case, and in two companion cases, *Guill v. Pendleton Woolen Mills,* 305 Or 538, 754 P2d 574 (1988) and *Short v. SAIF,* 305 Or 541, 754 P2d 575 (1988), both decided this date, the referees' orders concerning attorney fees were in the orders concerning the merits of the case. We do not dispute the efficiency of that practice. But we must recognize

---

[2] The claimant relies on the following passage from *Farmers Ins. Group* to support his argument that he is entitled to circuit court review of the board's determination concerning attorney fees:

"[A]ny disagreement regarding the amount of attorney fees awarded by a referee is not subject to the ordinary board review procedures of ORS 656.295, but is to be resolved under the unique provisions of ORS 656.388(2)."

301 Or at 619. In *Farmers Ins. Group,* this court held that the referee's order relating to compensation became final thirty days after its issuance even though the referee had yet to decide the issue of attorney fees at the time of the compensation order. In context, the quoted statement referred to the court's holding that despite the fact that attorney fees had not yet been awarded, the time for appeal to the board was not extended because determination of attorney fees was not necessary to the determination of compensability and that *once the referee's order became final (i.e.* once the claimant "prevailed finally" before the referee), the appropriate forum for review of attorney fees was the circuit court.

that ORS 656.386 does not authorize a referee to "allow a reasonable attorney fee" until the claimant "prevails finally" on the merits. ("[W]here the claimant prevails finally * * *, *then* the referee or board shall allow a reasonable attorney fee.") (Emphasis added.) If the referee issues such an order before the claimant prevails finally, it is interlocutory in nature unless and until the 30-day appeal period runs.[3] If the merits are appealed, the attorney fees issue becomes part of the appeal and the board has authority to determine a proper fee for legal representation before it as well as a proper fee for representation before the referee. Should the claimant successfully defend against the employer's insurer's appeal, as in this case, attorney fees are awarded under ORS 656.382, discussed below.

## ORS 656.382

ORS 656.382(2) provides for attorney fees to a claimant in an employer-initiated review or appeal where compensation is not reduced or disallowed. *See Shoulders v. SAIF, supra,* 300 Or at 615; *Bracke v. Baza'r,* 294 Or 483, 490, 658 P2d 1158 (1983). Otherwise stated, a "claimant is entitled to reasonable attorney fees [under this section] for successfully defending against reduction of compensation." *Shoulders,* 300 Or at 610. Unlike ORS 656.386(1), ORS 656.382(2) makes no reference to ORS 656.388(2). ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to the claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

---

[3] In this connection, we note that *SAIF v. Culwell,* 65 Or App 332, 671 P2d 759 (1983), *rev den* 296 Or 411 (1984), suggests that a claimant has only 30 days from the date of a referee's or the board's order *on the merits* to seek circuit court review of the award of attorney fees made by the referee or board. Although we do not decide today the appropriate time limitation, it is arguable that within 30 days after the referee's or board's order *on attorney fees becomes effective* may be an appropriate limitation as it is consistent with other time limitation provisions of the Workers' Compensation Law.

This section does not provide for circuit court review via ORS 656.388(2). It does provide that the forum to which the employer has appealed may review the fees for "legal representation by an attorney for the claimant at and *prior to* the [present] hearing, review on appeal or cross appeal." (Emphasis added.)[4] That is this case. Because the claimant did not "prevail finally" before the referee on the issue of compensability (as a result of SAIF's timely request for board review), the appropriate forum to review the referee's order concerning both the compensation issue and the attorney fees issue was the board rather than the circuit court. The statutes do not contemplate inefficient use of resources in which the merits of the dispute and the issue of attorney fees are reviewable by different forums at the same time.

The legislative history supports the conclusions expressed above. See discussion in *Shoulders v. SAIF, supra,* 300 Or at 613-15.

The claimant argues that if this court concludes that the board has jurisdiction over the referee's determination of appropriate attorney fees in the event of a timely request for board review by the employer or insurer, employers and insurers will be encouraged to "appeal the compensability decision, and thereby invoke the board's jurisdiction in the fee dispute regardless of the independent nature of the fee dispute."[5] This concern was not overlooked by the legislature. In fact this concern was the motivation behind what was to become ORS

---

[4] We agree with the Court of Appeals opinion herein that

"[w]hen the Board affirms a finding of compensability, the award for services at the hearing before the referee is no longer the referee's award under 656. 386(1). The Board's adoption or modification of it makes it an award *by the Board* under ORS 656.382(2) for 'legal representation by an attorney for the claimant at *and prior to*' the Board's review."

88 Or App at 99 n 6 (emphasis by Court of Appeals); *see also Hubble v. SAIF,* 57 Or App 513, 647 P2d 474, *rev den* 293 Or 521 (1982).

[5] In *Wattenbarger v. Boise Cascade Corp.,* 301 Or 12, 15, 717 P2d 1175 (1986), this court held a board rule issued under ORS 656.388 (1985) to "establish a suggested schedule of fees" was not binding on a circuit court. Despite the fact that different standards would apply depending on the forum in which the attorney fee issue was heard, we stated that "[a] 'suggested schedule' implies that the addressee is expected to exercise some judgment. It is not a term legislators would use if they meant a Board rule to be legally binding on a court that is empowered, in the same section, to reexamine the fee." *Id.* (footnote omitted). In 1987 the legislature deleted the term "suggested" from ORS 656.388. Or Laws 1987, ch 884, § 35(4).

656.382(2). As stated by Justice Lent in a comprehensive review of the history of Workers' Compensation Law:

"During the testimony before legislative committees considering the 1965 revision [of Workers' Compensation Law], opponents of HB 1001 (the vehicle for revision) expressed fear that the adversarial position of the employer or SCD [the State Compensation Department, SAIF"s predecessor], on the one hand, and the claimant, on the other, might result in the former pursuing appeals at each level for the purpose of wearing down or harassing claimants. The answer was to provide that where the employer or SCD initiated 'a request for hearing, request for review or court appeal' and the claimant successfully defended his award, the employer or SCD, as the case might be, would become liable for reasonable attorney fees in addition to the award of benefits. Or Laws 1965, ch 285, § 42(2). That section become ORS 656.382(2) * * *."

*Bracke v. Baza'r, supra,* 294 Or at 487 (footnote omitted). Of particular importance is the fact that should an employer or an insurer seek review before the board, it is potentially liable for additional attorney fees for the claimant's representation before that forum. In contrast, should the employer or insurer simply seek review of attorney fees before the circuit court, it does not expose itself to additional liability for attorney fees.[6]

Because the claimant did not prevail finally before the referee, ORS 656.386(1) providing for circuit court resolution of attorney fees disputes does not apply. The decisions of the Court of Appeals and Workers' Compensation Board are affirmed.[7]

---

[6] Interestingly, the Workers' Compensation Law provides for penalties (in addition to attorney fees) "[i]f upon reaching a decision on a request for a hearing it is found *by the referee* that the employer initiated the hearing for the purpose of delay or other vexatious reason or without reasonable ground," ORS 656.382(3) (emphasis added), or if either party appeals to an appellate court and the appellate court finds that the appeal "was frivolous or was filed in bad faith or for the purpose of harassment," ORS 656.390. However, there are no statutory provisions for the board to sanction a party in this manner. Of course, the determination of whether the board should have such power is one for the legislature. *See* ORS 174.010.

[7] The continued existence of ORS 656.388(2) and the next to last sentence of ORS 656.386(1) (fee disputes "shall be settled as provided for in ORS 656.388(2)") create an anomalous situation. Although the board, the Court of Appeals and this court have authority to make decisions concerning the amount of attorney fees to be awarded under ORS 656.386(1), either the claimant or the employer or insurer can ask the circuit court to "determine the amount of such fee" "in a summary manner." The circuit court decision, in turn, could be reviewed by the Court of Appeals and this court. On such an appeal an appellate court would be reviewing the question whether a trial court erred in modifying or refusing to modify a previous decision of the very appellate court considering the appeal from the trial court. Perhaps this should be addressed by the legislature.