Argued and submitted January 9, decision of Court of Appeals reversed; order of
Workers' Compensation Board affirmed June 28, 2012

In the Matter of the Compensation of
Crystal L. DeLeon, Claimant.

SAIF CORPORATION
and Oregon Child Development Coalition,
*Respondents on Review,*

*v.*

Crystal L. DeLEON,
*Petitioner on Review.*

(WCB 0803173; CA A142932; SC S059509)

282 P3d 800

Christopher D. Moore, Moore, Jensen & Lesh Attorneys at Law, Eugene, argued the cause for petitioner on review Matthew L. Roy, Dunn & Roy, Salem, filed the brief for petitioner on review.

David L. Runner, SAIF Corporation Appellate Counsel, Salem, argued the cause and filed the brief for respondent on review.

James S. Coon, Portland, filed a brief for *amicus curiae* Oregon Trial Lawyers Association.

Before Balmer, Chief Justice, and Durham, De Muniz, Walters, Kistler, and Landau, Justices.**

WALTERS, J.

** Linder, J., did not participate in the consideration or decision of this case.

**WALTERS, J.**

In this case, we consider the authority of the Workers' Compensation Board (board) to award attorney fees to an injured worker in the circumstance in which the worker's insurer initiated review of an award of benefits to the worker and ultimately was unsuccessful in that effort. We hold that ORS 656.382(2) (2007)[1] provides statutory authority for that award, and, for the reasons that follow, we reverse the contrary decision of the Court of Appeals.

Crystal L. DeLeon (claimant) sought workers' compensation benefits for a work-related injury to her back, neck, and one shoulder. SAIF Corporation, claimant's insurer (insurer), accepted the claim but awarded only temporary partial disability; insurer did not award claimant permanent partial disability. Claimant sought reconsideration, and the Department of Consumer and Business Services (department) awarded her an 11 percent permanent partial disability for her shoulder.

Insurer then initiated review of the department's award and requested a hearing before an administrative law judge (ALJ). Insurer was successful at that stage of the proceedings. The ALJ agreed with insurer and reduced the permanent partial disability award to zero. Claimant then requested review by the board. Claimant won at that stage of the proceedings. The board reversed the ALJ and reinstated the 11 percent permanent partial disability award. The board awarded claimant an attorney fee of $2,500, payable by insurer, for the attorney's services before the ALJ, who had rendered a decision in favor of the insurer that the board later reversed. The statute on which the board relied for its award was ORS 656.382(2), the statute at issue in this case, which provided:

> "If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the Administrative Law Judge, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall

---

[1] ORS 656.382(2) was amended in 2009. Or Laws 2009, ch 526, § 3. Those amendments are not relevant to this case. For convenience, all future references to ORS 656.382(2) are to the 2007 version in effect when claimant suffered her injury.

be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the Administrative Law Judge, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

Insurer sought reconsideration of the fee award, arguing that ORS 656.382(2) permitted an award of fees only if the insurer was unsuccessful in the review that it requested and that, in this case, insurer had requested review by the ALJ and had been successful at that stage of the proceedings. Insurer contended that, under the terms of the statute, the fact that claimant had later requested review by the board and the board had reversed that ALJ's decision was immaterial.

The board rejected insurer's argument, and insurer sought judicial review limited to the issue of whether the board had correctly awarded claimant attorney fees. The Court of Appeals reversed, relying primarily on two prior Court of Appeals decisions: *SAIF v. Santos*, 194 Or App 289, 94 P3d 906 (2004) (*Santos III*), and *Santos v. Caryall Transport*, 171 Or App 467, 17 P3d 509 (2000), *rev den*, 332 Or 558 (2001) (*Santos II*). *SAIF v. DeLeon*, 241 Or App 614, 618, 251 P3d 794 (2011). The court held that insurer had been successful on its request for review by the ALJ and, therefore, even though claimant had later prevailed on the issue that insurer had raised before the ALJ, claimant was not entitled to fees under ORS 656.382(2).

We allowed claimant's petition for review and begin our examination of the authority provided by ORS 656.382(2) with its text. *See State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009) (so requiring). On its face, ORS 656.382(2) imposes three requirements for an award of attorney fees: (1) a claimant must have received an award of benefits; (2) an employer or insurer must have initiated one of the listed forms of requests for review;[2] and (3) one of

---

[2] For ease of reference, we will use the term "request for review" to refer generically to all the forms of review described by ORS 656.382(2): a request for hearing by an ALJ, a request for review by the board, an "appeal or cross-appeal" to the Court of Appeals, and a petition for review to this court. We also will use the term "insurer" to refer to both the insurer and the employer. In this case, it was the insurer that initiated review, but the text applies to employers as well.

the listed tribunals must have concluded that the award of compensation should not be disallowed or reduced.

The dispute here focuses on whether, to meet the requirements for an award of attorney fees, the listed tribunal that concludes that the award of compensation should not be disallowed or reduced must be the same tribunal before which the insured initiates a request for review, or whether it can be the tribunal that makes the final decision that the award of compensation should not be disallowed or reduced. Claimant's position is that it is the decision of the tribunal that makes the final decision in the proceedings that is determinative. Claimant contends that, if the insurer initiates review of an award of benefits at any level of the proceedings and the tribunal that ultimately resolves that challenge decides that the award should not be disallowed or reduced, then the claimant is entitled to an award of attorney fees "for legal representation * * * at and prior to" that final level of review. Insurer's position is that a claimant's entitlement to attorney fees is separately determined at each level of review initiated by the insurer. Insurer contends that, if the decision of the tribunal before which the insured initiates a request for review favors the insurer, then that decision is controlling as to the claimant's entitlement to fees at that level of review, regardless of whether that decision is upheld by the final decision-maker. However, if the decision of the tribunal before which the insured initiates a request for review favors the claimant, it is not controlling as to the claimant's entitlement to fees at that level of review unless it also is affirmed by the final decision-maker. Then, if a claimant is successful at both the initial and the final levels of review, a claimant is entitled to an award of attorney fees "for legal representation * * * at and prior to" the hearing.

Thus, claimant essentially argues that we should interpret ORS 656.382(2) to provide:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the Administrative Law Judge, board or court [*that enters the final decision in the case*] finds

that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the Administrative Law Judge, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

Insurer essentially argues that we should interpret ORS 656.382(2) to provide:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the Administrative Law Judge, board or court [*before which the employer or insurer initiated the request*] finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the Administrative Law Judge, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal[, *unless the tribunal that enters the final decision in the case finds that the compensation awarded to a claimant should be disallowed or reduced.*]"

As those interlineations indicate, the text of the statute is ambiguous as to the tribunal whose decision is determinative, and further analysis is necessary to determine the legislature's intent.

The statute is not, however, ambiguous with respect to the legislature's overall purpose. It is obvious from the text of ORS 656.382(2) that the legislature intended to permit a claimant to recover attorney fees when a claimant is awarded compensation and an insurer challenges that award and is unsuccessful in having it disallowed or reduced.

A preliminary review of insurer's interpretation of ORS 656.382(2) indicates that that interpretation is directly at odds with that legislative purpose. First, instead of *permitting* fees in the event of an unsuccessful challenge by an insurer, insurer's interpretation of ORS 656.382(2)

would *deny* attorney fees to a claimant when an insurer is ultimately unsuccessful in having an award of compensation disallowed or reduced, as long as the insurer was successful at an interim stage of the proceedings. Second, as noted, insurer interprets ORS 656.382(2) to provide that, if the claimant prevails at an intermediate tribunal but loses before the tribunal making the final decision in the case, then the ruling by the final tribunal is the ruling that determines the claimant's right to fees. However, if the insurer prevails at an intermediate tribunal but loses before the tribunal making the final decision in the case, then the ruling by the intermediate tribunal is determinative as to the award of attorney fees. At least on initial inspection, we do not see how the legislature's purpose is advanced by making an interim decision controlling only when it benefits an insurer and particularly when that interim decision is overturned on further review and the insurer ultimately is unsuccessful in its challenge.

Moreover, and perhaps more importantly, the text of ORS 656.382(2) contains terms that demonstrate that the legislature intended, instead, the interpretation for which claimant argues. ORS 656.382(2) provides that once any of the reviewing tribunals—the ALJ, the board, or either of the appellate courts—concludes that compensation should not be disallowed or reduced and that a claimant is entitled to an award of attorney fees, the insurer is required to pay a reasonable attorney fee "for legal representation * * * at *and prior to* the hearing, review on appeal or cross-appeal." (Emphasis added.) Because that provision allows fees for representation at earlier stages in a proceeding, it indicates that the legislature contemplated that the award of fees would occur and depend on success at the final stage of the proceedings and not occur or depend on success at an earlier, intermediate stage. Because that provision does not limit the levels of review for which fees may be awarded to levels of review initiated by an insurer, it also indicates that the legislature did not intend to deny fees to a claimant merely because the claimant, and not the insurer, initiated review at an earlier stage in the proceedings. That provision contradicts insurer's argument that the statute should be interpreted to make interim decisions of each tribunal

determinative (at least when they benefit the insurer) and to deny attorney fees to claimants who are not successful at interim levels of review.

Under insurer's interpretation of ORS 656.382(2), if the insurer happens to be the last party to request review and the tribunal decides in favor of the claimant, the claimant is entitled to an award of fees for representation at all stages of the proceeding, including those that claimant had initiated. However, according to insurer, if the claimant happens to be the last party to request review and the final tribunal decides in favor of the claimant, the claimant is not entitled to an award of fees at all—even at the levels of the proceeding in which the insurer initiated the request for review and even though insurer ultimately was unsuccessful in its effort to have claimant's award of benefits disallowed or reduced. We do not think that the legislature would intend to make a claimant's entitlement to fees dependent on the vagaries of which party presents the issue for final determination, and the legislature certainly did not express that intent. Instead, interpreting ORS 656.382(2) to make the decision at the final stage of the proceedings controlling, no matter which party it favors, gives effect to the entirety of its text and furthers its stated purpose.

We are not persuaded by the contrary reasons that insurer advances. First, insurer contends that, by listing in corresponding order the various forms of requests for review and the various tribunals that consider those requests, and by using the definite article "the" before the listed tribunals, the text demonstrates that the tribunal with which an insurer initiates a request for review must be the same as the tribunal that declines to reduce or disallow compensation. In other words, if an insurer initiates "a request for hearing" with an ALJ, the claimant is entitled to fees only if "the" ALJ finds that the compensation to the claimant should not be disallowed or reduced. Or, as another example, if an insurer initiates an "appeal or cross-appeal" to the Court of Appeals,[3] the claimant is entitled to fees only if "the" court

---

[3] The statutory text contains two artifacts of prior statutory schemes that are no longer accurate under existing legislation, and this is one of them. The statute incorrectly describes the proceeding before the Court of Appeals as an "appeal or cross-appeal." Since 1977, the correct term has been judicial review. *See* ORS

finds that the compensation awarded to a claimant should not be disallowed or reduced.

However, we think that insurer reads too much into the order of the listed forms of review and reviewing tribunals. It is only logical that both lists would be placed in chronological order. Doing otherwise—for example, listing an "appeal" to a court before a request for hearing by an ALJ in the list of forms of review, or listing a court before an ALJ in the list of reviewing tribunals—would simply be confusing. Similarly, the definite article "the" is not dispositive. There is only one ALJ who will hear the case, and there is only one board. There are two courts that could hear appeals, but only one of them will make the ultimate decision in the case. Therefore, the use of "the" to describe the tribunal that makes the ultimate decision in the case is grammatically correct and does not necessarily indicate an intent to impose the requirement for which insurer contends.

Second, insurer relies on the use of the present tense "be" in the third requirement imposed by the text: a listed tribunal must find that "the compensation awarded to a claimant should not *be* disallowed or reduced." (Emphasis added.) Insurer observes that when an insurer initiates a request for review, the insurer will argue to that tribunal that an existing award should *be* disallowed or reduced, and, if that tribunal agrees, it will order that the existing award *be* disallowed or reduced. However, if a claimant then seeks further review, as claimant in this case did, the claimant will argue that the lower tribunal erred and that the initial award should not *have been* disallowed or reduced; if the tribunal agrees, it will conclude, in similar terms, that the initial award should not *have been* disallowed or reduced. The statutory use of the present tense, insurer reasons, indicates that the legislature intended to require that the

656.298(1) ("[A]ny party affected by an order of the Workers' Compensation Board * * * may request judicial review of the order by the Court of Appeals."). In addition, the statute conditions an award of fees on "findings" by an ALJ, board, or court. *See* ORS 656.382(2) (attorney fees to be awarded if "the * * * court finds that the compensation" should not have been disallowed or reduced). The appellate courts do not make findings; the Court of Appeals' obligation to review decisions of the board *de novo* terminated in 1987. Or Laws 1987, ch 884, § 12a; *see Armstrong v. Asten-Hill Co.*, 90 Or App 200, 202, 752 P2d 312 (1988) (discussing effect of 1987 amendment).

tribunal that makes the ruling must be the tribunal in which the insurer's challenge is filed, not a tribunal that reviews the merits of that decision at the request of the claimant.

Again, we conclude that the word on which insurer focuses does not carry the freight for which it contends. For ORS 656.382(2) to apply, an insurer must initiate a request for review at some level. An insurer will only initiate such a request if the department or a listed tribunal has entered an order awarding compensation to a claimant. From the time that the insurer first requests review of such an award, the issue before the first and all subsequent reviewing tribunals will be whether the award should or should not *be* disallowed or reduced. Whether an insurer or a claimant initiates review before the tribunal that makes the final decision in the case, that tribunal will decide, in effect, whether an earlier award of compensation should or should not *be* disallowed.

Third, insurer contends that another statute, ORS 656.386(1), and this court's interpretation of that statute provide context for our interpretation of ORS 656.382(2). Unlike ORS 656.382(2), which applies when an insurer challenges a claimant's award of benefits, ORS 656.386(1)(a)[4] applies in all instances in which a worker's claim for benefits has been denied. ORS 656.386(1)(a) provides:

> "In all cases involving denied claims where a claimant finally prevails against the denial in an appeal to the Court of Appeals or petition for review to the Supreme Court, the court shall allow a reasonable attorney fee to the claimant's attorney. In such cases involving denied claims where the claimant prevails finally in a hearing before an Administrative Law Judge or in a review by the Workers' Compensation Board, then the Administrative Law Judge or board shall allow a reasonable attorney fee."

Insurer argues that, in *Greenslitt v. City of Lake Oswego*, 305 Or 530, 754 P2d 570 (1988), this court stated that, to be entitled to an award of fees under that statute, a claimant must demonstrate that he or she prevailed finally "before the forum in which the claimant is the initiating party," *id.*

---

[4] The original version of the statute currently codified as ORS 656.386 was adopted in 1951. Or Laws 1951, ch 330, § 2. The original version of ORS 656.382, by contrast, was not adopted until 1965. Or Laws 1965, ch 285, § 42.

at 533, and that ORS 656.382(2) permits "the forum to which the employer has appealed" to review the fees awarded at and prior to that hearing. *Id.* at 536. Insurer contends that we should interpret ORS 656.386(1) and ORS 656.382(2) consistently and in accordance with those statements. We disagree.

In *Greenslitt*, the insurer had denied the claimant's claim for benefits, and the claimant had initiated review by a referee. The referee agreed with the claimant and awarded benefits and attorney fees. The insurer then initiated board review. The board did not disallow or reduce the award of benefits, but it did reduce the attorney fees that the referee had awarded. The only issue on appeal was the appropriate fee award, but that turned on whether the board had statutory authority to decide that issue. In 1988, when the court decided *Greenslitt*, the circuit court had authority to review a referee's fee award if it was entered under ORS 656.386(1), but the board had authority to review a referee's fee award if it was entered under ORS 656.382(2). The court held that ORS 656.386(1) was not the basis for the referee's award. 305 Or at 534. The insurer was the party that had sought review of the merits of the referee's benefits award, and the insurer had been unsuccessful in having that award disallowed or reduced. Thus, by its terms, ORS 656.382(2) applied. *Id.* at 535. In reaching that conclusion, the court stated that ORS 656.386(1) did not apply because the claimant did not finally prevail before the referee—the forum in which the claimant filed a request for review— and that ORS 656.382(2) permits "the forum to which the employer has appealed" to review the fees awarded at and prior to that hearing. *Id.* at 534, 536. However, the court made the latter statement in the context in which the forum to which the employer appealed was the forum that made the final decision in the case, and, therefore, the result that the court reached in *Greenslitt* is consistent with claimant's argument in this case—that a claimant's entitlement to attorney fees is determined by the tribunal that makes the final decision in a case. In *Greenslitt*, the court did not engage in a thorough analysis of the text of either statute or attempt to determine how ORS 656.382(2) would apply in the circumstances presented in this case. *See Gaines,*

346 Or at 171-72 (setting out methodology for interpreting statutes). We do not consider the statements or reasoning of the court in *Greenslitt* controlling or persuasive.

Fourth, insurer cites prior decisions of the Oregon Court of Appeals and argues that the legislature ratified them because it did not overrule them. That argument is wrong. Legislative inaction in response to a judicial interpretation of a statute does not amount to an endorsement of the court's interpretation. In *Farmers Ins. Co. v. Mowry*, 350 Or 686, 696, 261 P3d 1 (2011), we explained that

> "the legislature may decline to address a judicial decision for any number of reasons, none of which necessarily constitutes an endorsement of the decision's reasoning or result; this court does not surrender its authority to reexamine a prior interpretation of a statute merely because the legislature has been silent on the issue."

Furthermore, this court is not bound by decisions of the Court of Appeals. The decisions of that court have no precedential effect in this court; they are of assistance only to the extent that they are persuasive, and, in this instance, they are not.

Insurer cites two recent decisions of the Court of Appeals, *SAIF v. Santos*, 194 Or App 289, 94 P3d 906 (2004) (*Santos III*), and *Santos v. Caryall Transport*, 171 Or App 467, 17 P3d 509 (2000), *rev den*, 332 Or 558 (2001) (*Santos II*). In *Santos II*, the claimant had requested a hearing before an ALJ, which ruled in the claimant's favor; on the employer's request for review, the board reduced the claimant's compensation; and on the claimant's petition for judicial review to the Court of Appeals, the court reversed the board and remanded for the board to calculate the amount of the increase. 171 Or App at 469. The Court of Appeals held that it could not award attorney fees to the claimant. *Id.* at 469-70. The court considered the listing in corresponding order of the various forms of requests for review and the various tribunals that consider those requests, its decision in an earlier case, and a recent amendment to the statute, and concluded that ORS 656.382(2) "requires that the employer or insurer initiate review at the particular stage at which attorney fees are sought in order for attorney fees to be available under the statute." *Id.* at 470-73. In the prior case

on which the court relied, *Bailey v. Morrison-Knudsen*, 5 Or App 592, 598, 485 P2d 1254 (1971), the court had quoted the statute and stated:

> "Here, the employer initiated the request for review by the board from an award of the hearing officer of permanent total disability. The board reduced the award; therefore attorney's fees cannot be awarded under ORS 656.382(2), notwithstanding this reduction was reversed on appeal to the circuit court, which reinstated the earlier award made by the hearing officer."

After *Santos II*, the board on remand recalculated benefits and awarded attorney fees incurred before the board under ORS 656.382(2), on the ground that the employer had filed the request for review there. *Santos III*, 194 Or App at 292. In *Santos III*, the Court of Appeals again reversed, concluding that the dispositive question was whether *the board* had ruled on the merits to disallow or reduce compensation. If the board had merely performed the ministerial act of carrying out the Court of Appeals decision, as the court determined that it did, then, the court concluded, attorney fees could not be awarded under ORS 656.382(2). 194 Or App at 293-95.

We have considered the reasoning of the Court of Appeals in *Santos II* and *Santos III*, and we respectfully disagree with its interpretation of ORS 656.382(2).

Finally, insurer proffers legislative history to support its interpretation of the text. We have considered that legislative history, but we do not find it particularly weighty or persuasive. *See* ORS 174.020(1)(b), (3) (permitting parties to offer legislative history to aid courts in construing statute, and directing courts to give weight they deem appropriate to that history); *Gaines*, 346 Or at 172 ("[A] party is free to proffer legislative history to the court, and the court will consult it after examining text and context, even if the court does not perceive an ambiguity in the statute's text, where that legislative history appears useful to the court's analysis." (Footnote omitted.)). The legislative history offered by insurer does not undermine our conclusion about the meaning of the statutory text.

Notwithstanding insurer's arguments to the contrary, we conclude, for the reasons that we have articulated, that the legislature intended that, when a claimant obtains an award of compensation and an insurer initiates one of the listed forms of request for review of that award before one of the listed tribunals, and the final tribunal to consider the issue determines that the award should not be disallowed or reduced, the claimant is entitled to attorney fees incurred in representation at and prior to the final hearing. In this case, claimant obtained an award of compensation and insurer initiated one of the listed forms of request for review before one of the listed tribunals—a request for a hearing by an ALJ. The final tribunal to consider the issue—here, the board—concluded that the award of compensation should not be disallowed or reduced. Therefore, ORS 656.382(2) authorized the board to award fees for claimant's representation before the ALJ; that representation was "prior to" the board's hearing.[5]

The decision of the Court of Appeals is reversed. The order of the Workers' Compensation Board is affirmed.

---

[5] In this case, claimant does not seek, in addition, an award of attorney fees for her representation before the board; she asks us only to reinstate the board's award of attorney fees incurred before the ALJ. We acquiesce in that request.