FLYNN, J.
**148 We previously denied employer's petition for review in this workers' compensation case, Shearer's Foods v. Hoffnagle , 284 Or.App. 859, 395 P.3d 622, rev. den. , 361 Or. 866, --- P.3d ---- (2017), and now address claimant's petition for an award of attorney fees for time that his counsel spent in response to employer's unsuccessful petition for review. Claimant did not file a response to the petition for review but now seeks an award of fees under ORS 656.386(1)(a) for time spent considering whether or not to file a response to employer's petition for review. Claimant also seeks attorney fees for additional time spent litigating employer's objection to claimant's fee petition. Employer objects that this court lacks authority to award fees and also objects to the amount of requested fee.
Employer objects that ORS 656.386(1)(a), which applies only "where a claimant finally prevails against the denial" of a claim, does not authorize this court to award fees because no party "prevails" when this court denies a petition for review. We conclude, however, that claimant "finally prevail[ed]," for purposes of a fee award under ORS 656.386, when this court denied employer's petition for review. We thus conclude that ORS 656.386(1)(a) requires an award of reasonable fees in this case.[1]
Although this court often resolves attorney fee petitions by order rather than written opinion, employer's objection to this court's authority to award fees presents a legal issue that is appropriately resolved by opinion. See Strawn v. Farmers Ins. Co. , 353 Or. 210, 212, 297 P.3d 439 (2013). The few procedural facts that are pertinent to the legal issue we address begin with employer's denial of claimant's claim for workers' compensation benefits for a lumbar disc condition. Shearer's Foods , 284 Or.App. at 861-62, 395 P.3d 622. An administrative law judge (ALJ) upheld the denial, but the Workers' Compensation Board reversed the ALJ's order, and the Court of Appeals affirmed that Board decision. Id. at 862-63, 867, 395 P.3d 622. Employer then filed a timely petition for review in **149 this court, claimant did not file a response, and this court ultimately denied review. The time for reconsideration of that denial has passed, and the only remaining issue in this court is claimant's petition for attorney fees.
Attorneys representing workers' compensation claimants may not recover a fee for legal services performed on appeal *627 unless the court approves the fee, ORS 656.388, and the court's authority to award a fee to claimant's counsel "is limited to the authority granted by statute." SAIF v. Curry , 297 Or. 504, 511, 686 P.2d 363 (1984). As pertinent to the dispute in this case, ORS 656.386(1)(a) provides:
"In all cases involving denied claims where a claimant finally prevails against the denial in an appeal to the Court of Appeals or petition for review to the Supreme Court, the court shall allow a reasonable attorney fee to the claimant's attorney."
We have explained that ORS 656.386(1)(a)"applies in all instances in which a worker's claim for benefits has been denied." SAIF. v. DeLeon , 352 Or. 130, 139, 282 P.3d 800 (2012).[2] The statute, thus, sets up two pertinent inquiries when a claimant seeks a fee award from this court: (1) whether the case involves a denied claim, and (2) whether the claimant has "finally prevail[ed] against the denial in [a] *** petition for review to the Supreme Court."
There is no dispute, here, that claimant's underlying workers' compensation case involved a denied claim. Rather, **150 the parties' dispute turns on whether claimant "finally prevail[ed] against the denial in [a] *** petition for review to the Supreme Court" when this court denied employer's petition for review. Employer contends that claimant did not "finally prevail" when this court denied review because claimant did not "prevail" when this court denied review. According to employer, "[i]n order to 'prevail' against the denial in a petition for review to the Supreme Court, the court must allow review and then enter a decision favorable to claimant on the merits." (Emphasis in original.)
The meaning of the phrase "finally prevailed" presents a question of statutory construction, which we resolve in this case by considering the pertinent text and context.[3] See State v. Gaines , 346 Or. 160, 171, 206 P.3d 1042 (2009) (explaining that our first step in construing a statute is to examine the statutory text and context, because "there is no more persuasive evidence of the intent of the legislature than the words by which the legislature undertook to give expression to its wishes"). Because nothing in the text or context of ORS 656.386 suggests that the legislature intended the phrase "finally prevails" to have a specialized definition, we look to the ordinary meaning of the terms for *628 guidance regarding what "the legislature would naturally have intended." DCBS v. Muliro , 359 Or. 736, 746, 380 P.3d 270 (2016). In ordinary usage, to "prevail" against something means "to gain victory by virtue of strength or superiority: win mastery: TRIUMPH[.]" Webster's Third New Int'l Dictionary 1797 (unabridged ed. 2002). In the context of parties to a court proceeding, the meaning of "prevail" is **151 similar: "To obtain the relief sought in an action; win a lawsuit < the plaintiff prevailed in the Supreme Court>." Black's Law Dictionary , 1380 (10th ed. 2014). Ordinary definitions of the term "finally" convey either a meaning of temporal relationship: "as the last act or occurrence in a series : in the end : at last : EVENTUALLY," or a meaning of permanency: "for all time : beyond change : IRREVOCABLY, CONCLUSIVELY, DECISIVELY." Webster's at 851. The latter sense of the term "finally" more closely aligns with the concept of "finality" in the legal context. See Black's at 747 (defining "finality" as "[t]he quality of being complete and unchangeable").
Whether "finally prevails" signifies the last stage in the process or the stage at which "prevailing" becomes permanent, we conclude that the legislature intended "finally prevails" to include what happens when this court denies review. There is, appropriately, no dispute that claimant prevailed against the denial of his claim before the Board and prevailed again when the Court of Appeals affirmed that decision. Yet employer's timely petition for review in this court meant that claimant would not "finally" prevail-in either sense of the word-until this court resolved the petition for review. The timely filing of a petition for review not only ensures that there will be some later "act or occurrence" by this court in the appellate life of the case, but also means that the decision of the Court of Appeals may still be changed. See ORS 2.520 (specifying that "[a]ny party aggrieved by a decision of the Court of Appeals may petition the Supreme Court for review within 35 days after the date of the decision"). The filing of a timely petition for review delays the issuance of the appellate judgment until this court resolves the petition. ORAP 14.05(3)(a) (providing that, if a party files a timely petition for review, then "the appellate judgment will not issue until the petition is resolved"). That delay in issuance of the appellate judgment, in turn, delays when the decision of the Court of Appeals will be "effective." ORAP 14.05(2)(b) (in cases on review of an administrative agency proceeding, an appellate court decision is not "effective" until the appellate judgment is sent to the agency). Thus, employer's timely petition for review meant that claimant did not "finally prevail" against the denial of **152 the claim until this court resolved the petition, in this case by denying review.
Although employer insists that the legislature has not authorized an award of fees for work that a claimant's attorney performs in response to an unsuccessful petition for review, employer does not dispute that, after a series of amendments, ORS 656.386 now specifies that a claimant who prevails against a denial is entitled to an award of attorney fees for work performed at every other stage of the case, including in the Supreme Court if this court addresses the merits of the case. Employer offers no reason why the legislature would have intentionally created that one carve-out to what is otherwise a comprehensive authorization of fees when a claimant relies on counsel to finally prevail against the denial of a claim. Indeed, such a carve-out would be incompatible with what we have described as "a broad statement of a legislative policy" reflected in ORS 656.386, "that prevailing claimants' attorneys shall receive reasonable compensation for their representation." Schoch v. Leupold & Stevens , 325 Or. 112, 117, 934 P.2d 410 (1997).
Nevertheless, employer contends that this court has held, in the context of other statutes, that no party "prevails" when this court denies review, citing U-Cart Concrete v. Farmers Ins. , 290 Or. 151, 153-54, 619 P.2d 882 (1980), and Curry, 297 Or. at 509, 686 P.2d 363, which quotes U-Cart . Employer reads too much into those cases. The issue in U-Cart was whether, when this court denied a petition for review, the respondent was entitled to an award of costs under a statute that permitted an award of costs to " 'the prevailing party in the judgment or decree' " or under another statute that permitted costs to the prevailing party " 'on an appeal.' "
*629 290 Or. at 153-54, 619 P.2d 882 (quoting ORS 20.010 and ORS 20.070 ). Employer highlights the holding of U-Cart that, when this court denies review, there is no "judgment to support the award of costs," and "the respondent has not prevailed 'on an appeal' in this court," because "the court has chosen not to entertain an 'appeal.' "[4]
**153 Id . at 154, 619 P.2d 882. As the internal quotes reflect, however, the holding in U-Cart turned on this court's conclusion that an order denying Supreme Court review does not satisfy the statutory requirements of a "judgment" or "on an appeal," not on whether a respondent "prevails" when this court denies review. Id.
The obstacle to recovery at issue in U-Cart is not an obstacle to recovery under ORS 656.386(1)(a). By contrast to the "on an appeal" restriction in the U-Cart statute, the legislature amended ORS 656.386,[5] after U-Cart , to expressly provide for an award of fees "in an appeal to the Court of Appeals or petition for review to the Supreme Court ." Or. Laws 1983, ch. 568, § 2. (emphasis added). U-Cart does not resolve the meaning of ORS 656.386, because U-Cart did not decide what it takes to "prevail" in a petition for review, let alone what it means to "finally prevail" in a petition for review. Nor did Curry , which applied U-Cart 's statement regarding the limited significance of a decision to deny review to another workers' compensation fee statute, but did not decide whether a claimant "finally prevails" when this court denies an employer's petition for review of a Court of Appeals decision that is favorable to the claimant. Curry , 297 Or. at 509, 686 P.2d 363.
Employer, however, urges us to read U-Cart as effectively deciding that a respondent on review does not "prevail" when this court denies review. Employer emphasizes this court's holding in U-Cart that, when this court denies review, it does "not even implicitly decide that the respondent's position is correct or that the Court of Appeals properly decided the case." 290 Or. at 154, 619 P.2d 882 ; see also 1000 Friends of Oregon v. Bd. of Co. Comm. , 284 Or. 41, 45, 584 P.2d 1371 (1978) ("[D]enial of review in this or any other case may not be taken as expressing even a slight sign that this court approves the decision or the opinion of the Court of Appeals."). Those cases express a principle that remains equally true today: A denial of review expresses no comment on the merits of the decision below. But it does not necessarily follow that no party "prevails" when this court denies a petition for review.
**154 Employer's proposed conclusion depends upon the additional premise that "prevailing" in an appellate court requires "a decision favorable to claimant on the merits," and that premise is contrary to our case law. In DeYoung/Thomas v. Board of Parole, 332 Or. 266, 269, 27 P.3d 110 (2001), two petitioners sought judicial review of separate orders issued by the same state agency. The Court of Appeals ordered dismissals of both petitions for judicial review-one because the case had become moot and the other because the order was exempt from judicial review-and in both orders designated the agency the "prevailing party" for purposes of awarding costs. Id. at 269-70, 27 P.3d 110. In other words, the Court of Appeals resolved both challenges to the underlying decisions without expressing approval of the merits of those decisions yet treated the agency as "prevailing" on review. The petitioners sought review in this court, contending that the Court of Appeals lacked authority to declare a party to be "prevailing" when the Court of Appeals disposed of the case without addressing the merits. Id. at 269, 27 P.3d 110. We rejected that argument and affirmed the award of fees, explaining:
"Although appellate courts may decline to award costs to the prevailing party in cases of dismissal, for reasons of fairness or otherwise, a party nevertheless may be said to have prevailed on appeal, for purposes *630 of costs and disbursements, by obtaining dismissal of the appeal or petition."
Id. at 276, 27 P.3d 110 (footnote omitted).
Like a dismissal on mootness grounds or for lack of jurisdiction, a denial of review expresses no comment on whether the challenged decision was correct, but it nevertheless determines that the responding party has finally prevailed. In the same way that the agency in DeYoung/ Thomas could "be said to have prevailed" when the Court of Appeals dismissed the petitioners' challenges without reaching the merits, a respondent on review in this court can be "said to have prevailed" when this court denies a petition for review.
Thus, we disagree with employer's premise that our case law points to a different meaning of "finally prevails" than the meaning at which we have arrived through **155 examining the words of the statute.[6] We conclude that the legislature intended the authorization in ORS 656.386(1)(a) of a fee to a claimant who "finally prevails against" the denial of a claim in a "petition for review to the Supreme Court," to include a claimant who finally prevails against the denial when this court denies the employer's petition for review. Under the circumstances of this case, ORS 656.386(1)(a) directs that this court "shall allow a reasonable attorney fee to the claimant's attorney[.]"
As noted above, claimant's lawyer requests a fee for time spent reviewing employer's petition for review, reviewing the file, making a decision as to whether or not to file a response, advising claimant as to the matter and monitoring of the case, as well as an additional fee for time spent preparing and litigating the fee petition. Counsel requests that the fee be based on an hourly rate of $400.[7]
Because employer's objections to the amount of claimant's fee request are primarily fact-bound and case-specific, we resolve those objections "with limited discussion, consistent with our practice of ordinarily resolving" such disputes by order. See Strawn , 353 Or. at 212, 297 P.3d 439. Employer's primary objection to the fee request is that it would be unreasonable to award fees for time spent considering whether to file a response to the petition for review when claimant's lawyer ultimately did not file a response. We disagree, because an attorney's exercise of considered discretion to refrain from filing an unnecessary response is quintessentially reasonable representation.
**156 We nevertheless agree with employer that the lack of a written filing may be a significant factor when assessing the amount that represents "a reasonable attorney fee" for work performed in this case. Among other considerations, the lack of a written filing can make it more difficult for this court to assess the reasonableness of the amount of time for which the attorney seeks a fee. In addition, if the attorney (or this court) determines that the nature of a petition for review did not justify a written response, that is a significant consideration. Indeed, of the factors that ORS 20.075 directs this court to "consider" in determining the amount to award as a fee, in this case we consider "[t]he time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services" to be most significant. ORS 20.075(2)(a). Given the similarities between arguments that employer presented in the Court of Appeals and the issues raised in the petition for review, *631 we conclude that compensation for three hours of attorney time is a reasonable fee for work related to the petition for review. We also conclude that it is reasonable to compensate counsel for an additional 2.5 hours of time spent litigating the fee award, given the extent to which claimant's written arguments assisted the court in determining the fee award. See , e.g. , TriMet v. Aizawa , 362 Or. 1, 3, 403 P.3d 753 (2017) ("[A] party entitled to recover attorney fees incurred in litigating the merits of a fee-generating claim also may receive attorney fees incurred in determining the amount of the resulting fee award."). Thus, claimant is awarded $2,200 in attorney fees for work in the Supreme Court.[8]
The petition for attorney fees is allowed. Claimant is awarded $2,200 as attorney fees on review.

Claimant also cites ORS 656.382(2) and ORS 656.388 as potentially authorizing the award of fees, and employer disagrees. Given our conclusion that ORS 656.386(1)(a) authorizes the award, we do not address the parties' arguments regarding the other statutes.

We recognize that older decisions from this court, construing an earlier version of the statute, held that ORS 656.386 applied only when the claimant "initiate[ed]" the appeal to the court from which the claimant sought fees. Shoulders v. SAIF , 300 Or. 606, 611, 716 P.2d 751 (1986) ; see also Greenslitt v. City of Lake Oswego , 305 Or. 530, 533-34, 754 P.2d 570 (1988) (citing Shoulders, 300 Or. at 611-12, 716 P.2d 751 ). At the time that we decided those cases, however, ORS 656.386 provided for an award of fees:
" 'In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation[.]' "
Shoulders , 300 Or. at 610, 716 P.2d 751 (quoting former ORS 656.386 (1983) ; Greenslitt , 305 Or. at 533, 754 P.2d 570 (same) ). That former wording, we reasoned, required the claimant to "initiate" the appeal "because neither an insurer nor an employer would appeal from an order or decision denying the claim for compensation[.]" Shoulders , 300 Or. at 611, 716 P.2d 751 (emphasis added). The legislature subsequently amended the pertinent text to its present form, however, and removed the phrasing on which Shoulders and Greenslitt relied. Or. laws 1995, ch. 332, § 43.

We note that this court previously construed another portion of ORS 656.386(1)(a), which provides for an award of fees at the agency level when a claimant "prevails finally" before the agency. Greenslitt , 305 Or. at 533-34, 754 P.2d 570. In doing so, the decision recites that a "claimant 'prevails finally' before a forum if that forum holds in the claimant's favor on the issue of the claimant's right to workers' compensation and that determination is not appealed within the time allowed by the statute." Id . at 534, 754 P.2d 570. We do not consider Greenslitt to be dispositive of whether a claimant "finally prevails" when this court denies an employer's petition for review, for two reasons. First, the issue in Greenslitt turned on whether the ALJ's order, in which the claimant undisputedly prevailed, was "final," given the employer's appeal of that order. The additional comment that "prevails" means a "hold[ing] in the claimant's favor" was gratuitous. Id. (Emphasis added). Second, as we emphasized in DeLeon , Greenslitt failed to "engage in a thorough analysis of the text" of the statute, and we do not "consider the statements or reasoning of the court in Greenslitt controlling or persuasive." 352 Or. at 141, 282 P.3d 800.

Since U-Cart , the legislature has enacted a new costs statute, which specifies that, "when the Supreme Court denies a petition for review, the respondent on review is entitled to costs and disbursements reasonably incurred in connection with the petition for review." ORS 20.310(1).

The legislature similarly amended ORS 656.382. Or. Laws 1983, ch. 568, § 1.

The legislature's authorization of fees to a claimant who "prevails" on appeal dates to 1951, when the legislature enacted the statutory predecessor to ORS 656.386(1)(a). Or. Laws 1951, ch. 330, § 2. Because that date was long before this court decided either DeYoung/Thomas or U-Cart , neither case offers insight into what the legislature understood the term "prevails" to mean in the context of ORS 656.386(1)(a).

Claimant's fee petition initially requested an hourly rate of $425, a rate at which the Court of Appeals has previously compensated claimant's lawyer. In response to employer's objections, including an objection to the hourly rate, however, claimant's reply specified an "hourly rate requested of $400, [which] is less than the contingent attorney fee rate counsel has been awarded in other cases." We understand the change in hourly rate to reflect an intentional reduction to accommodate employer's objection in this case, and we accept an hourly rate of $400 as reasonable given the experience of claimant's attorney and her customary rate.

Claimant appropriately filed a separate petition for attorney fees in the Court of Appeals for time spent litigating the case in that court, even though employer's petition for review to this court meant that claimant had not yet "finally prevail[ed]." See ORAP 13.10(2) (requiring a petition for attorney fees on appeal to be "served and filed within 21 days after the date of decision" and specifying that the deadline is not suspended by the filing of a petition for review). Now that claimant has "finally prevail[ed]," he is entitled to an award of reasonable fees for work performed before the Court of Appeals-in an amount determined by that court-as well as to the award from this court for time spent in response to the petition for review.