LAGESEN, P. J.
*149 Claimant seeks judicial review of a final order of the Workers' Compensation Board resolving insurer's appeal of a decision of an administrative law judge (ALJ). In that order, the board did four things that pertain to claimant's petition: (1) upheld insurer's denials of claimed bilateral hip impingement syndrome and capsular tear conditions; (2) set aside insurer's denial of claimant's combined bilateral hip strain/arthritic condition; (3) concluded that claimant's attorney's failure to timely file a brief before the board meant that claimant was not entitled to recover attorney fees for services before the board under either ORS 656.382(2)[1] or ORS 656.386(1) ;[2] and (4) further concluded that, because insurer, and not claimant, had initiated the appeal before the board, under Shoulders v. SAIF , 300 Or. 606, 716 P.2d 751 (1986), claimant was not entitled to recover fees under ORS 656.386(1) for that alternative *418 reason. In his first assignment of error, claimant contends that the board's finding that his claimed hip impingement syndrome and capsular tear conditions are not compensable is not supported by *150 substantial evidence and substantial reason. In his second and third assignments of error, claimant challenges the board's determination regarding his entitlement to attorney fees under ORS 656.382(2) and ORS 656.386(1), contending that it is based on an erroneous interpretation of those statutory provisions.
We reject claimant's first assignment of error without further written discussion. However, on review for legal error, SAIF v. Bales , 274 Or. App. 700, 704, 360 P.3d 1281 (2015), rev. den. , 360 Or. 237, 381 P.3d 834 (2016), we agree with claimant that the board's fee determination rested on mistaken interpretations of ORS 656.386 and ORS 656.382, in view of how the Supreme Court has construed those provisions in Shearer's Foods v. Hoffnagle , 363 Or. 147, 420 P.3d 625 (2018), and SAIF v. DeLeon , 352 Or. 130, 282 P.3d 800 (2012), respectively.
The relevant facts are largely procedural and not disputed. A building collapsed on claimant while he was at work, crushing him. Claimant suffered significant injuries as a result of the accident. As part of his workers' compensation claim, claimant requested that insurer accept multiple conditions that claimant contended were caused by the accident. Insurer accepted a number of those conditions but denied the compensability of others, including a combined bilateral hip strain/arthritic condition. Claimant requested a hearing before an ALJ on the denials. Following the hearing, the ALJ set aside insurer's denial of the combined hip strain/arthritis condition, as well as one other denial.
Insurer appealed the ALJ's decision to the board, and claimant cross-appealed. Claimant's attorney before the board did not timely file claimant's brief on the appeal and cross-appeal and the board struck it. The board affirmed the ALJ's order with respect to the combined hip strain/ arthritis condition, reversed with respect to the other denial at issue, and otherwise sustained the ALJ's order.
Although the board sustained the ALJ's decision as to the combined hip strain/arthritis condition, the board rejected claimant's arguments that he was entitled to recover attorney fees for services provided during board review under either ORS 656.382(2) or ORS 656.386(1). The *151 board explained that, under its own case law, claimant's failure to timely file a brief precluded him from recovering fees. Claimant sought reconsideration on that point, but the board adhered to its previous conclusion. It elaborated on its reasoning as to why claimant could not recover fees because he had not timely filed his brief:
"In our prior order, noting that claimant's respondent's/cross-appellant's brief was untimely filed, we declined to award an attorney fee under ORS 656.382(2) for claimant's counsel's services on review. See Shirley M. Brown , 40 Van Natta 879 (1988). On reconsideration, claimant contends that a fee under that statute is mandatory when a claimant prevails on Board review, and asserts that our decision in Brown was wrongly decided. Alternatively, he asserts that he is entitled to an attorney fee under ORS 656.386, even in the absence of a brief, because that statute requires a fee in all cases involving a denial.
"We disagree with claimant's contentions. Our reasoning follows.
"First, we decline to disavow or revisit our Brown decision and adhere to its reasoning that no attorney fee is available under ORS 656.382(2) when no brief is filed or when a brief is not considered due to untimely filing. Moreover, we have extended that rationale to situations otherwise warranting a fee under ORS 656.386(1). *** Therefore, regardless of whether ORS 656.386(1) or ORS 656.382(2) applied, claimant would still not be entitled to an attorney fee for services on review regarding the combined bilateral hip strain condition because his brief was untimely filed."
The board further reasoned that claimant was not entitled to fees under ORS 656.386(1) for an additional reason: Under Shoulders , a claimant cannot recover fees under ORS 656.386(1) for services on review unless the claimant, rather than the insurer, initiates the review proceeding.
Before us, claimant contends that both of the board's rationales as to why claimant is *419 not entitled to fees are based on misinterpretations of the fee statutes. Claimant argues that, under the plain terms of ORS 656.382(2) and ORS 656.386(1), as those statutes have been construed by the Supreme Court, claimant's entitlement to fees does not depend on claimant filing a brief. Rather, claimant asserts, *152 his failure to file a brief bears on the amount of fees that he would be entitled to recover, pointing out that claimant's attorney performed services in addition to the filing of the untimely brief. Claimant notes that, somewhat inconsistent with its own decision in Brown , the board seems to have reached a similar conclusion in Dan Hedrick , 38 Van Natta 208, 210 (1986). As to the board's conclusion that the Supreme Court's decision in Shoulders precludes an award of fees to claimant under ORS 656.386(1) because insurer, and not claimant, initiated the review proceeding before the board, claimant contends that the legislature amended ORS 656.386 to eliminate the wording on which Shoulders turned, making its reasoning inapplicable with respect to ORS 656.386 in its present form. Insurer responds that the board properly concluded that claimant's failure to timely file a brief means that claimant is not entitled to a fee, that the board's decision in Hedrick is "incorrectly decided" and not "binding on this Court," and that the board also properly determined that, under Shoulders , ORS 656.386(1) does not authorize a fee award in an insurer-initiated review proceeding.
The Supreme Court's decision in Shearer's Foods , decided after this case was briefed and argued, and the court's decision in DeLeon dispose of the parties' arguments. In Shearer's Foods , the court considered whether ORS 656.386(1) authorized a fee award to a claimant for legal services performed in connection with the employer's unsuccessful petition for review to that court. 363 Or at 148, 420 P.3d 625. Although the claimant had not filed a response to the petition for review in the Supreme Court, the claimant's attorney performed legal services in connection with the petition for review, including "reviewing [the] employer's petition for review, reviewing the file, making a decision as to whether or not to file a response, advising claimant as to the matter and monitoring of the case," as well as "preparing and litigating the fee petition" seeking recovery of fees for those services. Id . at 155, 420 P.3d 625. Addressing Shoulders , the court explained that the legislative amendments had superseded its holding that ORS 656.386(1) authorizes an award of fees only in a review proceeding initiated by a claimant. Id . at 149 n 2, 420 P.3d 625. Thus, Shoulders did not pose an impediment *153 to the claimant's recovery of fees under ORS 656.386(1) on the employer's unsuccessful petition for review. Id . Further, the court explained, ORS 656.386(1) entitled the claimant to fees because (1) it was undisputed that the underlying workers' compensation case involved a denied claim; and (2) the claimant "finally prevailed" against that denial once the Supreme Court denied the employer's petition for review. Id. at 154, 420 P.3d 625. That the claimant had not filed a written response to the petition for review bore on what amount of fees would be reasonable for the claimant to recover, not on the claimant's entitlement to fees. Id. at 155-56, 420 P.3d 625.
Similarly, in DeLeon , the Supreme Court considered the circumstances in which ORS 656.382(2) entitled a claimant to a fee award, concluding:
"[W]hen a claimant obtains an award of compensation and an insurer initiates one of the listed forms of request for review of that award before one of the listed tribunals, and the final tribunal to consider the issue determines that the award should not be disallowed or reduced, the claimant is entitled to attorney fees incurred in representation at and prior to the final hearing."
DeLeon , 352 Or at 143, 282 P.3d 800.
As should be apparent, under DeLeon and Shearer's Foods , a claimant's entitlement to fees under either ORS 656.382(2) or ORS 656.386(1) does not turn on what particular services the claimant's attorney performed and, in particular, does not depend on whether the claimant's attorney filed a brief in a particular tribunal. What matters is that the case involves the sort of claim or issue identified in those statutes, and whether the claimant ultimately prevails. As Shearer's Foods illustrates, whether a claimant's attorney untimely filed a brief, or did not file a brief at all, is a factor to be considered in assessing the appropriate amount of fees to award.
*420 Beyond that, Shearer's Foods confirms that Shoulders has been displaced by the legislature's amendments to ORS 656.386.
For those reasons, the board erred when it concluded that claimant's failure to timely file a brief on its own meant that claimant was not entitled to recover fees under either ORS 656.382(2) or ORS 656.386(1), and when *154 it concluded that Shoulders precluded claimant from recovering fees under ORS 656.386(1) because insurer-and not claimant-initiated the review proceeding before the board. We therefore reverse and remand to the board for reconsideration of claimant's request for attorney fees but otherwise affirm the board's order.
Reversed and remanded for reconsideration of claimant's request for attorney fees; otherwise affirmed.

ORS 656.382(2) provides:
"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the Administrative Law Judge, board or court finds that all or part of the compensation awarded to a claimant should not be disallowed or reduced, or, through the assistance of an attorney, that an order rescinding a notice of closure should not be reversed or all or part of the compensation awarded by a reconsideration order issued under ORS 656.268 should not be reduced or disallowed, the employer or insurer shall be required to pay to the attorney of the claimant a reasonable attorney fee in an amount set by the Administrative Law Judge, board or court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

ORS 656.386(1)(a) provides, pertinently:
"In all cases involving denied claims where a claimant finally prevails against the denial in an appeal to the Court of Appeals or petition for review to the Supreme Court, the court shall allow a reasonable attorney fee to the claimant's attorney. In such cases involving denied claims where the claimant prevails finally in a hearing before an Administrative Law Judge or in a review by the Workers' Compensation Board, then the Administrative Law Judge or board shall allow a reasonable attorney fee. In such cases involving denied claims where an attorney is instrumental in obtaining a rescission of the denial prior to a decision by the Administrative Law Judge, a reasonable attorney fee shall be allowed."
(Emphasis added.)